83 F.3d 422
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Laurie MOORE, Plaintiff-Appellant,
v.
Norman HAYES, et al., Defendants-Appellees.
 No. 94-1894.
 United States Court of Appeals, Sixth Circuit.
 April 24, 1996.
 
 Before: NELSON, RYAN, and McKAY,* Circuit Judges.
 McKAY, Circuit Judge.
 
 
 1
 I. Factual Background and Procedural Disposition
 
 
 2
 Plaintiff Laurie Moore was tried on a charge of second-degree murder and was convicted of voluntary manslaughter by a jury in a Michigan state circuit court on November 7, 1987. The murder charge arose out of the death of Mr. Jerry Tobias. Mr. Tobias' frozen body was found in the bed of his pickup truck on December 8, 1986. Multiple, fresh needle marks were present at the bends of Mr. Tobias' arms. His hands were entwined by jumper cables, and there were areas of recent bleeding around his head. A package of meat, purportedly from Plaintiff's butcher shop, was found behind the front seat of the truck. Pursuant to a warrant, the police searched and seized evidence--including a chicken skewer that was the purported murder weapon--from Plaintiff's butcher shop on December 12, 1986.
 
 
 3
 Mr. Moore's conviction was set aside by the Michigan Court of Appeals on March 8, 1991, because the trial court had given the jury a lesser-included charge on voluntary manslaughter when the prosecution had failed to put forth any evidence of provocation.[1] He brought this civil action for damages against several public officials involved in his criminal prosecution and three local units of government on March 13, 1992.
 
 
 4
 The Plaintiff's complaint sought relief under 42 U.S.C. § 1983 for malicious prosecution and for violations of Plaintiff's constitutional rights under the Fourth, Fifth, and Fourteenth Amendments. The complaint included supplemental state claims for false arrest, false imprisonment, malicious prosecution, intentional infliction of emotional distress, and for violations of Article I, Sections 5, 11, and 17 of the Michigan Constitution.
 
 
 5
 There are three groups of defendants in the first complaint: the City Defendants, the County Defendants, and the State Defendants. The City Defendants are the City of Gaylord; Frank Dufon, who was Chief of Police of the City of Gaylord; and Karen McCann-Murphy, who was a city police officer. The County Defendants are the County of Ostego; Norman Hayes, who was the Prosecuting Attorney of Ostego County; Patricia Newhouse, who was the Assistant Otsego County Medical Examiner; and Jerry Borema, who was an employee of the Ostego County Prosecutor's office. The State Defendants were state police officers Fred LaBarge, Rick Boynton, Kenneth Bur, James Besonen, Don Chappell, Patrick McDonald, and Paul Dunkelberg.
 
 
 6
 The court dismissed the state claims without prejudice on March 12, 1993, after Plaintiff failed to respond to a district court order to show cause why the court should not decline to exercise supplemental jurisdiction. Also, the court granted an unopposed motion by the City to dismiss the City Defendants, and it dismissed Defendant McDonald due to a lack of service. The court stated that the Plaintiff should file an amended complaint based on the federal claims on or before April 14, 1993.
 
 
 7
 By April 14, 1993, Plaintiff had not filed an amended complaint, but no order was entered dismissing the complaint as to the § 1983 claims against the County and State Defendants. The court held a hearing on June 25, 1993, on a motion by the County Defendants to dismiss the claims based on the statute of limitations. On July 1, 1993, the court issued an order granting the County Defendants' motion to dismiss the § 1983 claims based on the Fourth, Fifth, and Fourteenth Amendments. The court held, however, that the statute of limitations had not run on Plaintiff's § 1983 claim for malicious prosecution.
 
 
 8
 On September 27, 1993, the court entered an order dismissing the complaint and giving the Plaintiff thirty days to file an amended complaint. The deadline for filing an amended complaint was extended by stipulation.
 
 
 9
 On November 2, 1993, the Plaintiff filed an amended complaint based on a theory of malicious prosecution in violation of the Fourth, Fifth, and Fourteenth Amendments under 42 U.S.C. § 1983. The Plaintiff's amended complaint charged the City, County, and State Defendants with numerous wrongs in connection with Plaintiff's arrest and prosecution. The allegations include illegal searches by police officers, concealment of police reports containing exculpatory evidence, presentation of false evidence as to the cause of death, and the violation of discovery orders which would have allowed Mr. Moore's experts to determine the cause of death of the victim. The allegations in the case resulted in Mr. Moore's incarceration for approximately three and one-half years, substantial attorneys' fees, and numerous other damages.
 
 
 10
 Plaintiff dropped State Defendants Patrick McDonald and Paul Dunkelberg in the amended complaint, but added State Defendant John Hardy.[2] Also, Plaintiff added the City Defendants to the amended complaint without leave of the court. The court ordered Plaintiff to show cause why the amended complaint against the City of Gaylord Defendants should not be dismissed. After briefing and oral arguments, the district court again dismissed the City Defendants from the action.
 
 
 11
 The State and County Defendants filed motions, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss the amended complaint for failure to state a claim. The County Defendants also argued that the Fifth Amendment does not apply to state officials. The Plaintiff abandoned his claim based on the Fifth Amendment. The district court treated the Rule 12(b)(6) motion as a motion for summary judgment, and it dismissed with prejudice the second amended complaint as a matter of law. Plaintiff filed a motion for reconsideration and a "corrected" motion for reconsideration. The reconsideration motion was denied by the district court, and this appeal was filed. While this appeal was pending, Plaintiff filed a copy of a motion with this court requesting leave to file a third amended complaint with the district court.
 
 
 12
 Five issues are before this court: first, whether the City Defendants were properly dismissed from the action; second, whether the court improperly dismissed with prejudice the Plaintiff's § 1983 malicious prosecution claim by deciding disputed facts; third, whether the district court incorrectly dismissed the § 1983 claims based on the Fourth and Fourteenth Amendments in the first complaint because of the statute of limitations; fourth, whether the statute of limitations for the dismissed claims continuously accrue as a matter of federal law due to an alleged continuing conspiracy by the Defendants to conceal the claims; and fifth, whether Plaintiff's motion to file a third amended complaint should be granted.[3]
 
 II. Dismissal of the City Defendants
 
 13
 The City Defendants filed a motion to dismiss on the grounds that Plaintiff's complaint was vague, lacked specificity, and failed to state a claim upon which relief could be granted. The district court granted the City Defendants' motion after Plaintiff failed to respond to the court's order to show cause.
 
 
 14
 The Plaintiff then filed an amended complaint adding the City Defendants without leave of court. The district court ordered Plaintiff to show cause why the amended complaint against the City Defendants should not be dismissed. After briefing and oral arguments, the district court entered an order striking those portions of the amended complaint which pertained to the City Defendants.
 
 
 15
 The City Defendants were served notice of the appeal and filed a brief on appeal. Plaintiff, however, has failed to challenge on appeal the district court's dismissal of the City Defendants. Consequently, the district court's dismissal of the Defendants City of Gaylord, Frank Dufon, and Karen McCann-Murphy is affirmed because Plaintiff has waived this issue.
 
 
 16
 III. Plaintiff's § 1983 Malicious Prosecution Claim
 
 
 17
 Plaintiff's second issue is whether the district court improperly dismissed with prejudice the Plaintiff's § 1983 malicious prosecution claim by deciding disputed facts. Defendants filed Rule 12(b)(6) motions seeking dismissal for failure to state a claim. Such a motion can be treated as a motion for summary judgment if "matters outside the pleading are presented to and not excluded by the court." Fed.R.Civ.P. 12(b). The moving Defendants sought dismissal on the face of the amended complaint, and they did not present matters outside the pleadings in support of their motions. Plaintiff's counsel, however, attached numerous answers to interrogatories and copies of newspaper articles in response to Defendant LaBarge's motion. Also, Plaintiff's counsel incorporated an affidavit of the Plaintiff into his response on the day before oral argument of the motions. The district court properly treated the Rule 12(b)(6) motions as motions for summary judgment because matters outside the pleadings were presented to, and relied upon by, the court.
 
 
 18
 We review the trial court's judgment de novo to determine if there is a genuine issue of any material fact and whether the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Lavado v. Keohane, 992 F.2d 601, 605 (6th Cir.1993). We construe "all reasonable inferences from the relevant record in favor of the non-movant." Lavado, 992 F.2d at 605. Material facts are those that might affect the outcome of the litigation. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Additionally, "in ruling on a motion for summary judgment, the judge must view the evidence presented through the prism of the substantive evidentiary burden." Id. at 254.
 
 
 19
 We set forth the elements of malicious prosecution under Michigan law in Coogan v. City of Wixom, 820 F.2d 170, 172 (6th Cir.1987): "(1) a criminal prosecution instituted against plaintiff by defendant, terminating in plaintiff's favor, (2) absence of probable cause for the criminal proceeding, and (3) malice or a primary purpose in bringing the action other than bringing the offender to justice." To the extent that a claim of malicious prosecution is actionable under § 1983, the Supreme Court has held that the claim must be judged under the probable cause requirements of the Fourth Amendment.[4] Albright v. Oliver, 114 S.Ct. 807, 813 (1994) (citing Gerstein v. Pugh, 420 U.S. 103 (1975) (holding that the Fourth Amendment requires a judicial determination of probable cause as a prerequisite to any extended restraint on liberty following an arrest)). Thus, the district court correctly held that as a matter of law, "there can be no federal constitutional claim in the nature of a malicious prosecution claim unless the state actors commenced or continued the prosecution without probable cause to believe that the crime charged had been committed and that the criminal defendant committed the crime." J.A., Vol. I, No. 85, at 8.
 
 The district court stated:
 
 20
 In ruling upon the pending motions to dismiss, the Court will take into consideration facts that the record discloses are not in dispute. It does not appear to be in dispute that the potential testimony of witness Deborah Parmentier would have been inculpatory of the plaintiff in his criminal trial. It also does not appear to be in dispute that the summary of evidence set forth in the Court of Appeals opinion was an accurate summary of evidence presented at the trial. Except as set forth above, the Court's review of pending defense motions will be limited to allegations within the four corners of the amended complaint.
 
 
 21
 J.A., Vol. I, No. 85, at 6 (emphasis in original). Plaintiff contends that the district court erred in assuming that Deborah Parmentier's potential testimony would have inculpated the Plaintiff in his criminal trial. On the contrary, Plaintiff asserts that Parmentier's testimony would have been exculpatory of the Plaintiff in his criminal trial and that the Defendants suppressed Parmentier's statements. Under Plaintiff's theory, probable cause could have been negated if Defendants had not suppressed Parmentier's statements. In actuality, in the prosecution of another Defendant for Tobias' murder, Parmentier
 
 
 22
 testified that she had been with defendant on the afternoon of December 5, 1986, during which time he picked up a package of cocaine and arranged to meet with Laurie Moore. Parmentier claimed that she, Walter Moore, and defendant drove to Gaylord later that evening. During that time, Moore remarked that Tobias owed him $3,000 and owed his brother Laurie $4,000 for cocaine. The three eventually went to Walt's Butcher Shop and met Laurie Moore, Tobias, and someone named "John," who was later identified as Heistand. Parmentier testified that Laurie Moore asked Tobias for "the stuff." When Tobias responded that he didn't have it, an argument ensued. Walter Moore picked up a butcher's steel and hit Tobias in the head with it, stating, "You b ..., I'm gonna f ... kill you." Defendant, Heistand, and both Laurie and Walter Moore then hit Tobias, while Laurie Moore also struck Tobias with a barbecue spindle.
 
 
 23
 Michigan v. Canter, 496 N.W.2d 336, 338-39 (Mich.App.1992). Based on Parmentier's prior testimony, the district court was correct in finding that Parmentier's potential testimony would have been inculpatory in this case, and they would not have negated the probable cause for pursuing the prosecution.
 
 
 24
 Drawing all reasonable inferences in a manner most favorable to the nonmovant, we find that the Plaintiff failed to meet his evidentiary burden on summary judgment. A claim for malicious prosecution must specifically allege either the absence of probable cause or specific instances of prosecutorial misconduct which, if proven, would negate probable cause. Plaintiff failed to set forth specific factual allegations obviating probable cause. The district court provided Plaintiff many opportunities to amend his complaint, and in one instance the Plaintiff failed to respond to an order to show cause why his state claims should not be dismissed. Finally, the district court ruled that "circumstances do not justify giving the plaintiff a further opportunity to amend his complaint...." J.A., Vol. I, No. 85, at 13.
 
 
 25
 Plaintiff failed to show through the pleadings, depositions, answers to interrogatories, admissions on file, or affidavits that a genuine issue of material fact existed. Thus, we affirm the district court on this issue because the Plaintiff failed to make allegations and provide evidence negating probable cause as required for surviving summary judgment in a malicious prosecution action under § 1983.
 
 
 26
 IV. Plaintiff's § 1983 Claims for Violations of the Fourth
 
 
 27
 and Fourteenth Amendments
 
 
 28
 Plaintiff next asserts that the district court incorrectly dismissed the § 1983 claims based on the Fourth and Fourteenth Amendments in the first complaint because of the statute of limitations.[5]
 
 
 29
 After a hearing, the district court ruled that the statute of limitations had run on the alleged Fourth and Fourteenth Amendment claims but that it had not run for Plaintiff's alleged claim for malicious prosecution under § 1983. The court held that Mr. Moore's § 1983 claim for malicious prosecution was filed before expiration of Michigan's three-year statute of limitations for personal injury actions.[6]
 
 
 30
 Plaintiff asserts that in his second amended complaint he was attempting to state a claim for the following alleged § 1983 constitutional violations: (1) a Fourth and Fourteenth Amendment violation under Franks[7] for making material false statements in affidavits for warrants; (2) Fourteenth Amendment violations for failure to disclose Brady[8] material and comply with relevant discovery provisions which would have led to exculpatory evidence; and, (3) Fourteenth Amendment violations under Napue[9] for falsification of forensic reports and false testimony. Appellant's Br. at 5. Plaintiff took a shotgun approach in his original complaint, which was vague and lacked specificity. The district court noted that it was one of the worst complaints it ever had before it. J.A., Vol. I, No. 85, at 3 n. 4.
 
 
 31
 Plaintiff filed an amended complaint after the district court dismissed the § 1983 actions for violations under Franks, Brady, and Napue. Plaintiff's amended complaint, however, was only under the § 1983 malicious prosecution claim. Plaintiff failed to preserve his Franks, Brady, and Napue based claims under § 1983 in his second complaint by realleging them. Therefore, those claims are not properly before us.
 
 V. Alleged Continuing Conspiracy
 
 32
 Plaintiff's next assignment of error also concerns the district court's dismissal based on the running of the statute of limitations. Plaintiff argues the statute could not have run as a matter of federal law due to an alleged continuing conspiracy by the Defendants to conceal the claims. This issue is moot because we have already ruled that this issue is not properly before us.
 
 VI. Motion for Leave to Amend the Complaint
 
 33
 While this appeal was pending, Plaintiff filed a motion with this court requesting leave to amend its complaint. The motion is denied without prejudice to the filing of a Rule 60(b) motion in the district court.
 
 
 34
 AFFIRMED.
 
 
 
 *
 The Honorable Monroe G. McKay, United States Circuit Judge for the Tenth Circuit, sitting by designation
 
 
 [1]
 The court failed to address twelve other issues raised in his criminal appeal because reversal was mandated by the first issue. Judge Wahls, concurring with the Michigan Court of Appeals' opinion reversing Plaintiff's conviction, discusses some of these other issues:
 In my opinion, the prosecutor's repeated display of personal animosity towards defendant resulted in severe and reprehensible prosecutorial misconduct and denied defendant a fair trial.
 * * *
 A careful review of the entire record, including a separate record made outside the presence of the jury, offers an explanation for the prosecutor's misconduct throughout the course of defendant's trial. Apparently, the seeds of the prosecutor's enmity toward defendant were sown when the prosecutor and defendant knew each other as children. The prosecutor's rancor toward defendant further increased when defendant dated and later married the prosecutor's former girl friend, a prominent Gaylord attorney. It is very clear from the record that the prosecutor's deportment in this case was not the result of overzealous advocacy but rather fervent vindictiveness.
 Michigan v. Moore, 472 N.W.2d 1, 4 (Mich.App.1991) (Wahls, J., concurring). In his brief, Plaintiff relies heavily on Judge Wahls assessment of prosecutorial misconduct during Mr. Moore's murder trial.
 
 
 [2]
 In regard to the addition of Defendant Hardy, the district court stated:
 The amended complaint names John Hardy who was a state police officer as a defendant. The plaintiff had no procedural authority for attempting to join Hardy as a defendant at this stage of the proceedings. It does not appear that he has been served and reference to him as a defendant will be disregarded as another procedural anomaly in a case that abounds with procedural anomalies.
 J.A., Vol. I, No. 85, at 2 n. 2. Plaintiff has not challenged on appeal the district court's dismissal of Defendant Hardy from this action.
 
 
 [3]
 The parties have not raised governmental immunity as an issue, although the Defendants might have been entitled to immunity if they were acting within their roles as government officials. See Buckley v. Fitzsimmons, 113 S.Ct. 2606, 2616 (1993)
 
 
 [4]
 The Fourth Amendment's probable cause requirement provides the constitutional injury necessary for a § 1983 action
 
 
 [5]
 Plaintiff apparently has abandoned his claim of a Fifth Amendment violation under § 1983; therefore, we will not discuss this claim
 
 
 [6]
 The Supreme Court has held that § 1983 claims are best characterized as personal injury actions in determining which state statute of limitations is applicable. Wilson v. Garcia, 471 U.S. 261, 280 (1985). The district court appears to have held plaintiff's § 1983 claim for malicious prosecution was tolled until March 8, 1991, which is when Mr. Moore's criminal conviction was reversed because of the improper jury instruction. See Michigan v. Moore, 472 N.W.2d 1 (Mich.App.1991). Thus, plaintiff's complaint was filed within Michigan's three-year statute of limitation on March 13, 1992. See Carroll v. Wilkerson, 782 F.2d 44, 45 (6th Cir.) (per curiam), cert. denied, 479 U.S. 923 (1986) (setting forth the Michigan statute of limitations for personal injury actions)
 
 
 [7]
 Franks v. Delaware, 438 U.S. 154 (1978)
 
 
 [8]
 Brady v. Maryland, 373 U.S. 83 (1963)
 
 
 [9]
 Napue v. Illinois, 360 U.S. 264 (1959)