*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
ELECTRONIC CITATION:  2001 FED App. 0121P (6th Cir.)
File Name:  01a0121p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

JACK FRANTZ, et al.,
　　　　*Plaintiffs-Appellees,*

　　*v.*　　　　　　　　　　　　No. 99-4186

VILLAGE OF BRADFORD, et al.,
　　　　　　*Defendants,*

SHANE DUFFEY,
　　　　*Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of Ohio at Dayton.
No. 97-00346—Walter H. Rice, Chief District Judge.

Argued:  September 22, 2000

Decided and Filed:  April 18, 2001

Before:  MERRITT, KENNEDY, and GILMAN, Circuit
Judges.

_____

**COUNSEL**

**ARGUED:** W. McGregor Dixon, Jr., SHIPMAN, DIXON &
LIVINGSTON, Troy, Ohio, for Appellant.  Christian A.
Jenkins, SIRKIN, PINALES, MEZIBOV & SCHWARTZ,

Cincinnati, Ohio, for Appellees. **ON BRIEF:** W. McGregor Dixon, Jr., SHIPMAN, DIXON & LIVINGSTON, Troy, Ohio, for Appellant.   Marc D. Mezibov, Howard M. Schwartz, SIRKIN, PINALES, MEZIBOV & SCHWARTZ, Cincinnati, Ohio, for Appellees.

KENNEDY, J., delivered the opinion of the court, in which MERRITT, J., joined.  GILMAN, J. (pp. 16-22), delivered a separate dissenting opinion.

———————————

**OPINION**

———————————

KENNEDY, Circuit Judge.   This case arises from an altercation between Jack Frantz (Frantz) and two Bradford, Ohio police officers on August 3, 1996, which led to the arrest and trial of Frantz for felony assault, disorderly conduct, and resisting arrest.  After a jury acquitted Frantz of these criminal charges, he commenced an action pursuant to 42 U.S.C. § 1983 against the Village of Bradford, the Bradford Police Department, and several named defendants, including Officer Shane Duffey.  Frantz's complaint includes allegations of unreasonable seizure, arrest without probable cause, the use of excessive force, malicious prosecution, and false imprisonment.

Officer Duffey moved for summary judgment on the basis of qualified immunity. The district court denied his motion. Duffey then filed this limited interlocutory appeal, arguing that he is entitled to qualified immunity from Frantz' claim of malicious prosecution.  For the reasons set forth below, we deny Duffey's request for qualified immunity.  We dismiss this appeal because we conclude that plaintiff does not have a cognizable constitutional claim for malicious prosecution, distinct from his Fourth Amendment claims still pending in the district court.

Amendment."); *Whiting v. Traylor*, 85 F.3d 581, 584 n. 4 (11th Cir. 1996) ("referring to a federal 'right' to be free from malicious prosecution is actually a description of the right to be free from an unlawful seizure which is part of a prosecution"); *Singer v. Fulton County Sheriff*, 63 F.3d 110, 117 (2d Cir. 1995) (distinguishing between claims for false arrest and malicious prosecution on the basis of whether the offending action occurred either pre- or post-arraignment).

As a final point on this subject, I cannot help but note that designating the constitutional claim as one for "malicious prosecution" is both unfortunate and confusing. A better name that would perhaps grasp the essence of this cause of action under applicable Fourth Amendment principles might be "unreasonable prosecutorial seizure." Our circuit, however, has long since recognized malicious prosecution as a cause of action under § 1983 and has referred to it as such. *See Dunn v. Tennessee*, 697 F.2d 121, 124-45 (6th Cir. 1982); *Coogan v. City of Wixom*, 820 F.2d 170, 174-75 (6th Cir. 1987); *Spurlock v. Satterfield*, 167 F.3d 995, 1006 (6th Cir. 1999). Because our sister circuits and *Albright* have also acknowledged the existence of a § 1983 claim for "malicious prosecution," I will assume that we are stuck with that label. Regardless of the label, however, I believe that the majority has seriously erred in holding that our circuit is not "stuck" with the underlying cause of action.

## II. CONCLUSION

The majority, in my opinion, has disregarded binding circuit precedent and the weight of authority from our sister circuits in eliminating the cause of action for malicious prosecution under § 1983. I therefore respectfully dissent.

## I.

Jack and Peggy Frantz were married on August 3, 1996. They held a wedding reception at the Community Club in the Village of Bradford, Ohio. As the reception was ending near midnight, Jack Frantz realized that he did not have a key to lock the Club. He walked across the street to a gas station with one of his male guests and his mother, Janet Frantz, in order to call the bartender to obtain the key. When they were unable to reach the bartender, the group left the gas station to return to the Club. As they crossed the street, a Bradford police cruiser turned into the Club parking lot.

According to Frantz, Officer Duffey exited the cruiser, turned to the group, and said, "I want to talk to you." Not knowing whom Duffey was addressing, Jack Frantz replied, "What?" Janet Frantz told her son to wait in her car while she approached Duffey to ascertain what he wanted. Duffey refused to speak with her, however, and turned to Jack Frantz, repeating, "I want to talk to you, come over here." Frantz started walking toward Duffey, making a hand gesture indicating "What did I do?" while verbalizing the same question. As Frantz approached, Duffey backed away and reported into his police radio that he was being "charged."

The situation quickly escalated. Covington Officer Duane Williams arrived at the scene. According to Frantz, the officers used excessive force to arrest him, including when Officer Duffey struck him in the head with a flashlight as he attempted to get up from the ground.

Duffey tells a substantially different story. Duffey claims that Frantz was intoxicated and that he threatened Duffey and had to be restrained by Frantz's male guest. Duffey further claims that Frantz forcefully resisted arrest and that it was necessary for Duffey to use the flashlight to protect himself from Frantz's assault.

Frantz was tried for felony assault, disorderly conduct, and resisting arrest as a result of his encounter with Officers

Duffey and Williams. A jury acquitted Frantz of all charges. After the criminal trial concluded, Frantz initiated a suit in federal district court against the Village of Bradford, the Bradford Police Department, and Officers Duffey and Williams. Frantz alleged violations of both federal and state law, including the deprivation of his constitutional rights under color of state law pursuant to 42 U.S.C. § 1983. The individual defendants were sued in both their personal and official capacities.

Several defendants filed motions for summary judgment, including Duffey. The district court determined that Frantz had raised genuine issues of material fact regarding his constitutional right to be free from unlawful arrest, excessive force, and malicious prosecution. Construing the facts in the light most favorable to Frantz, the district court held that Duffey was not entitled to summary judgment on the basis of qualified immunity. Duffey then filed a timely interlocutory appeal, claiming qualified immunity only from plaintiff's malicious prosecution claim.

## II.

### A.

We must first evaluate whether this court has jurisdiction to review appellant's interlocutory appeal. The denial of a motion for summary judgment based on the defense of qualified immunity constitutes an immediately appealable interlocutory order within the meaning of 28 U.S.C. § 1291 "to the extent that it turns on an issue of law." *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985). The Supreme Court further delineated the scope of appellate jurisdiction over interlocutory district court decisions denying qualified immunity in *Johnson v. Jones*, 515 U.S. 304 (1995). The Court explained that "a defendant, entitled to invoke a qualified immunity defense, may not appeal a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue

*See Graham v. Connor*, 490 U.S. 386, 396-97 (1989) (determining that the reasonableness of a seizure within the meaning of the Fourth Amendment must be analyzed by an objective inquiry that does not look to intent or motivation).

Finally, in order for a § 1983 malicious prosecution claim to succeed, the plaintiff must prove that the criminal proceeding terminated in a manner favorable to the plaintiff. This rule derives from the common-law tort of malicious prosecution, but was recognized by the Supreme Court as an element of a § 1983 claim in *Heck v. Humphrey*, 512 U.S. 477, 484-87 (1994) (drawing on common-law elements of malicious prosecution to aid in the analysis of a § 1983 claim for damages for an "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid"). The Court held that "[o]ne element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused." *Id.* at 484. *Accord Singer v. Fulton County Sheriff*, 63 F.3d 110, 118 (2d Cir. 1995); *Whiting v. Traylor*, 85 F.3d 581, 585-86 (11th Cir. 1996).

In sum, the three elements that I believe are necessary to state a claim for malicious prosecution under § 1983 are: (1) a seizure within the meaning of the Fourth Amendment by someone not entitled to absolute prosecutorial immunity, (2) objectively unreasonable prosecutorial action taken to bring the plaintiff before the court that is independent of any initial physical seizure, and (3) termination of the criminal proceeding in favor of the plaintiff. My analysis appears consistent with other circuits that have summarized the essence of this cause of action. *See Brooks v. City of Winston-Salem, N.C.*, 85 F.3d 178, 183-84 (4th Cir. 1996) ("[A plaintiff's] allegations that [an officer] seized him pursuant to legal process that was not supported by probable cause and that the criminal proceedings terminated in his favor are sufficient to state a § 1983 malicious prosecution claim alleging a seizure that was violative of the Fourth

must be grounded in the Fourth Amendment in order to constitute a deprivation of a constitutional right, *see Albright*, 510 U.S. at 271, the plaintiff must allege an unreasonable "seizure" as understood by Fourth Amendment jurisprudence. Among other things, this means that the state actor who allegedly committed the constitutional deprivation must be someone not otherwise protected from suit under the long-standing doctrines of prosecutorial discretion, *see Gerstein v. Pugh*, 420 U.S. 103, 119 (1975) (an accused is not "entitled to judicial oversight or review of the decision to prosecute"), or absolute prosecutorial immunity, *see Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) ("We hold only that in initiating a prosecution and in presenting the State's case, the Prosecutor is immune from a civil suit for damages under § 1983.").

Second, in order to distinguish the § 1983 cause of action for malicious prosecution from that for false arrest, the complaint must allege that the unconstitutional seizure resulted from unreasonable prosecutorial action taken to bring the plaintiff before the court independent of any initial physical seizure. The Second Circuit expressed a similar notion when it held that "to successfully pursue a § 1983 claim of malicious prosecution in violation of . . . Fourth Amendment rights, [the plaintiff] must show some post-arraignment deprivation of liberty that rises to the level of a constitutional violation." *Singer v. Fulton County Sheriff*, 63 F.3d 110, 117 (2d Cir. 1995) (defining a warrantless deprivation of liberty from the time of arrest to arraignment as the tort of false arrest, while classifying post-arraignment deprivations of liberty within the tort of malicious prosecution); *see also Gallo v. City of Philadelphia*, 161 F.3d 217, 225 (3d Cir. 1998) (holding that malicious prosecution involves "the abuse of the judicial process by government agents"). Requiring that a claim for malicious prosecution include bringing the plaintiff before a court will ensure that it remains a distinct, actionable tort under § 1983. Furthermore, despite the name of the cause of action, the reasonableness of a seizure for purposes of a Fourth Amendment violation should be analyzed without any inquiry concerning "malice."

of fact for trial." *Id.* at 319-20. In short, only claims presenting "abstract issues of law" qualify as permissible interlocutory appeals. *Id.* at 317.

In *Behrens v. Pelletier*, 516 U.S. 299 (1996), the Supreme Court reaffirmed the rule that only legal issues are reviewable on interlocutory appeal. The Court explained that "*Johnson* held, simply, that determinations of evidentiary sufficiency at summary judgment are not immediately appealable merely because they happen to arise in a qualified-immunity case; if what is at issue in the sufficiency determination is nothing more than whether the evidence could support a finding that particular conduct occurred, the question decided is not truly 'separable' from the plaintiff's claim," and does not constitute a final order appropriate for interlocutory review. *Id.* at 313.

This circuit has applied the principles of *Mitchell, Johnson*, and *Behrens* in numerous cases to determine the scope of our appellate jurisdiction over interlocutory appeals from denials of summary judgment based on the defense of qualified immunity. *See, e.g., Hoard v. Sizemore*, 198 F.3d 205, 209 (6th Cir. 1999) (denying jurisdiction over an interlocutory appeal where the district court found that a genuine issue of material fact existed)*; Berryman v. Rieger*, 150 F.3d 561 (6th Cir. 1998) (determining that appellate jurisdiction was lacking over an interlocutory appeal because the defendant failed to concede an interpretation of the facts in the light most favorable to the plaintiffs)*; Chappel v. Montgomery County Fire Protection Dist.*, 131 F.3d 564, 572 (6th Cir. 1997) (exercising jurisdiction in an interlocutory appeal concerning the purely legal issue of whether First Amendment rights were implicated)*; Dickerson v. McClellan*, 101 F.3d 1151, 1157 (6th Cir. 1996) (finding jurisdiction in an interlocutory appeal where the only dispute was over the question of whether a clearly established right was violated).

Although appellant in the present case does raise factual issues on this appeal, we conclude that questions of law exist which give this court jurisdiction. Duffey claims that the

district court erred by (1) failing to conclude that Duffey had probable cause to arrest and prosecute Frantz, (2) finding that Frantz's evidence was substantial enough to rebut the presumption of probable cause, (3) inferring malice without evidence, and (4) failing to recognize Duffey's testimonial immunity before the grand jury. Consequently, Duffey claims that he is entitled to qualified immunity on the malicious prosecution claim, relying on Ohio malicious prosecution law. Plaintiffs respond that the district court properly denied Duffey's motion for summary judgment because it found genuine issues of material fact to be in dispute. The district court opinion explained that:

> Whether Duffey made false statements about Frantz's conduct depends, of course, upon whose version of events is credited . . . Frantz insists that he did nothing to provoke Duffey or otherwise to warrant his arrest. Conversely, Duffey contends that Frantz was loud and belligerent, and that he assaulted the officer and resisted arrest. It is axiomatic, however, that the Court may not make credibility determinations or weigh conflicting evidence in the context of a motion for summary judgment.

While we agree that there are issues of fact with respect to Duffey's part in the prosecution aside from his grand jury testimony, this case also presents the court with the pure legal question of the validity of plaintiff's underlying claim, as a separate constitutional claim. As discussed in detail below, we find it necessary to evaluate whether plaintiff's claim, from which appellant seeks immunity, is in fact a cognizable constitutional claim. As a result of that question of law, we find that we do have jurisdiction to review appellant's claim, and we therefore proceed below.

**B.**

In evaluating whether Frantz raised sufficient evidence to establish the violation of a clear constitutional right, the

circuit must analyze a § 1983 claim for malicious prosecution under the Fourth Amendment rather than under the Due Process Clause of the Fourteenth. *See id.* at 1006 n.19.

*Spurlock* confirmed that, in the wake of *Albright*, our circuit continues to recognize a § 1983 cause of action for malicious prosecution under the Fourth Amendment. The majority, however, is effectively overruling *Spurlock* on the basis that "[b]ecause we find that the *Albright* holding controls our disposition of the present case and because *Spurlock* failed to address that holding, we cannot rely on *Spurlock*." Maj. Op. at 13. But one panel of this court cannot overrule the decision of another panel, s*ee United States v. Washington*, 127 F.3d 510, 517 (6th Cir. 1997), no matter how much it may disagree with the reasoning of the prior decision. The earlier opinion remains the controlling authority until a subsequent decision of the Supreme Court requires modification of the decision or this court sitting en banc overrules the prior precedent. *See id.* (citing *Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 689 (6th Cir. 1985)). Because the Supreme Court has not intervened since *Spurlock* was decided in 1999, I believe that the majority has exceeded its authority in attempting to eliminate malicious prosecution as a viable cause of action under § 1983.

**C.   The elements of a § 1983 malicious prosecution claim**

*Spurlock* did not elaborate on the elements of a § 1983 malicious prosecution claim. Because I believe that *Spurlock* is still the controlling authority in this circuit, I have set forth below an analysis of the cause of action that I believe is consistent with *Albright*, *Spurlock*, and with what I perceive to be the better-reasoned decisions of our sister circuits. Based on these precedents, I conclude that three factors lie at the core of a claim for malicious prosecution under § 1983.

The first element is the most obvious. In light of *Albright*'s pronouncement that § 1983 claims for malicious prosecution

not recognize malicious prosecution as an actionable claim under § 1983 is the Eighth. *See Gordon v. Hansen*, 168 F.3d 1109, 1114 (8th Cir. 1999). But the Eighth Circuit reached this conclusion well before *Albright*, holding that common-law claims for malicious prosecution do not state a constitutional injury under § 1983. *See Gunderson v. Schlueter*, 904 F.2d 407, 409 (8th Cir. 1990). In contrast, nine of our sister circuits recognize the claim, despite their struggle to identify the elements of the cause of action in light of *Albright*. *See Lambert v. Williams*, 223 F.3d 257, 261-62 (4th Cir. 2000) (surveying circuit caselaw on this topic after *Albright*). Because I would join our nine sister circuits that continue to recognize the § 1983 claim for malicious prosecution, I disagree with the majority's decision to the contrary.

## B. The majority's conclusion is in conflict with binding circuit precedent

Not only does the majority abolish a cause of action for malicious prosecution under § 1983 based on what I believe is an erroneous interpretation of *Albright*, it also disregards binding circuit precedent that commands the opposite result. Our circuit adopted *Albright*'s Fourth Amendment rationale in *Spurlock v. Satterfield*, 167 F.3d 995 (6th Cir. 1999) (upholding the district court's denial of summary judgment to a police officer in a § 1983 malicious prosecution case based on the plaintiff's Fourth Amendment right to be free from unreasonable seizures). *Spurlock* cited *Smith v. Williams*, No. 94-6306, 1996 WL 99329 (6th Cir. Mar. 6, 1996) (per curiam) (unpublished table decision) (analyzing a malicious prosecution claim under the Fourth Amendment in light of *Albright*, without delving into the state-law elements of the tort by the same name), to assert that "the right to be free from malicious prosecution [is] a right clearly established under the Fourth Amendment." *Spurlock*, 167 F.3d at 1006. *Spurlock* did not, as the majority asserts, "fail[] to acknowledge *Albright*'s ultimate holding. . ." Maj. Op. at 13. Instead, *Spurlock* cites *Albright* to reach the conclusion that this

parties and the district court looked to the elements of a claim for malicious prosecution under Ohio law. We conclude that this analysis was not proper. We hold that the elements of this constitutional claim cannot depend on state law.

The Supreme Court's decision in *Albright v. Oliver*, 510 U.S. 266 (1994)*, must be our starting point. In *Albright*, the petitioner brought a malicious prosecution claim in the district court and, on appeal, asked the Court to recognize "a substantive right under the Due Process Clause of the Fourteenth Amendment to be free from criminal prosecution except upon probable cause." *Id.* at 268. The Supreme Court declined to recognize such a right, and held that "[w]here a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of 'substantive due process' must be the guide for analyzing these claims.'" *Id.* at 273 (citing *Graham v. Connor*, 490 U.S. 386, 395 (1989)). The Court held that where a plaintiff brings a claim based on facts involving violations of the Fourth Amendment prohibition against illegal seizure, that plaintiff is limited to the protection offered by the Fourth Amendment. To state a federal cause of action, that plaintiff must bring a Fourth Amendment claim, and only a Fourth Amendment claim, to recover for any damages resulting from the illegal seizure.

Since *Albright*, courts have struggled with malicious prosecution cases and have reached different conclusions. As the Tenth Circuit commented, "*Albright* muddied the waters rather than clarified them," *Taylor v. Meacham*, 82 F.3d 1556, 1561 n.5 (10th Cir. 1996), when it noted that "the extent to which a claim of malicious prosecution is actionable under § 1983 is one 'on which there is an embarrassing diversity of judicial opinion.'" *Albright*, 510 U.S. at 270 n.4 (citation omitted).

The First, Third, Fourth, Tenth, and Eleventh Circuits have analyzed causes of action for malicious prosecution under

§ 1983 based upon Fourth Amendment principles. *See Britton v. Maloney*, 196 F.3d 24, 28-29 (1st Cir. 1999) (holding that the receipt of a summons alone does not constitute a deprivation of liberty under the Fourth Amendment sufficient to state a claim for malicious prosecution); *Gallo v. City of Philadelphia*, 161 F.3d 217, 222 (3d Cir. 1998) (requiring the plaintiff to post a $10,000 bond, attend court hearings, contact pretrial services regularly, and refrain from traveling outside of New Jersey and Pennsylvania was held to be a seizure sufficient to state a Fourth Amendment violation for purposes of a § 1983 malicious prosecution claim); *Brooks v. City of Winston-Salem*, 85 F.3d 178, 183-84 (4th Cir. 1996) ("[Plaintiff's] allegations that [the officer] seized him pursuant to legal process that was not supported by probable cause and that the criminal proceedings terminated in his favor are sufficient to state a § 1983 malicious prosecution claim alleging a seizure that was violative of the Fourth Amendment."); *Taylor v. Meacham*, 82 F.3d 1556, 1561 (10th Cir. 1996) (holding that the circuit "takes the common law elements of malicious prosecution as the 'starting point' for the analysis of a § 1983 malicious prosecution claim," but always reaches the question of whether a plaintiff has proven a violation of Fourth Amendment rights); *Whiting v. Traylor*, 85 F.3d 581, 584 (11th Cir. 1996) ("Labeling … a section 1983 claim as one for a 'malicious prosecution' can be a shorthand way of describing a kind of legitimate section 1983 claim: the kind of claim where the plaintiff, as part of the commencement of a criminal proceeding, has been unlawfully and forcibly restrained in violation of the Fourth Amendment and injuries, due to that seizure, follow as the prosecution goes ahead.").

Conversely, the Fifth, Seventh, and Ninth Circuits require that a § 1983 cause of action be based on state-law elements of malicious prosecution. *See Kerr v. Lyford*, 171 F.3d 330, 339-40 (5th Cir. 1999) (analyzing § 1983 malicious prosecution claim in terms of the Texas-law elements of a common law claim by the same name); *Reed v. City of Chicago*, 77 F.3d 1049, 1051 (7th Cir. 1996) ("To state a

must derive from the state-law tort of the same name. His reliance on the wrong standard is perhaps understandable in light of this circuit's unpublished opinions that have inconsistently articulated the elements of a § 1983 malicious prosecution cause of action in the wake of *Albright*. *See* Maj. Op. at 9-10. But the majority's assertion that "neither [Frantz's] Fourth Amendment claims nor any challenges to them are before this court," Maj. Op. at 12, is simply incorrect.

I agree with the conclusion in Section II.B. of the majority's opinion that the elements of malicious prosecution under § 1983 cannot depend on the varying state laws within our circuit. This result is consistent with the Supreme Court's directive to "peg" a § 1983 claim for malicious prosecution on the Fourth Amendment. *See Albright*, 510 U.S. at 271 & n.4. I believe, however, that the majority has gone too far in Section II.C. of its opinion to conclude that a cause of action for malicious prosecution under § 1983 is a "non-existent claim." Maj. Op. at 13.

The effect of *Albright* was to eliminate reliance on substantive due process under the Fourteenth Amendment as the basis for a § 1983 claim of malicious prosecution. *See Albright*, 510 U.S. at 275. But it did not eliminate the cause of action altogether. *See id.* ("We express no view as to whether petitioner's claim would succeed under the Fourth Amendment, since he has not presented that question in his petition for certiorari."). Consequently, I read *Albright* to say that until the Supreme Court decides otherwise, the cause of action for malicious prosecution under § 1983 remains viable. *See id.* at 271. ("We hold that it is the Fourth Amendment, and not substantive due process, under which petitioner Albright's claim must be judged.").

Despite the considerable uncertainty about the contours of a § 1983 malicious prosecution cause of action, no other circuit has found *Albright* to be a bar to a malicious prosecution claim under § 1983. The only circuit that does

_____

**DISSENT**

_____

RONALD LEE GILMAN, Circuit Judge, dissenting. The majority has interpreted *Albright v. Oliver*, 510 U.S. 266 (1994), as totally eliminating the § 1983 cause of action for malicious prosecution in our circuit. Because I believe that the majority reaches this conclusion based on a flawed interpretation of *Albright* and in disregard of binding Sixth Circuit precedent, I respectfully dissent.

## I. ANALYSIS

**A.  The majority opinion's interpretation of *Albright***

The majority asserts that "this case involves a scenario which is substantively identical to *Albright*." *See* Maj. Op. at 12. I disagree. In *Albright*, the plaintiff appealed the dismissal of his action for malicious prosecution brought under 42 U.S.C. § 1983. He had based that claim on the alleged violation of his substantive due process rights under the Fourteenth Amendment. As such, the *Albright* court was faced with the discrete question of whether there exists "a substantive right under the Due Process Clause of the Fourteenth Amendment to be free from criminal prosecution except upon probable cause." *Albright*, 510 U.S. at 268. The Court answered, albeit through a plurality opinion, that "it is the Fourth Amendment, and not substantive due process, under which [petitioner's § 1983 malicious prosecution] claim must be judged." *Id.* at 271.

In contrast, Frantz has specifically sued for malicious prosecution under § 1983 on the basis of the Fourth Amendment, even though he relies on our circuit's pre-*Albright* case of *McMaster v. Cabinet for Human Resources*, 824 F.2d 518 (6th Cir. 1987), for the proposition that the elements of a claim for malicious prosecution under § 1983

claim for malicious prosecution under section 1983, a plaintiff must demonstrate that: (1) he has satisfied the requirements of a state law cause of action for malicious prosecution; (2) the malicious prosecution was committed by state actors; and (3) he was deprived of liberty."); *Haupt v. Dillard*, 17 F.3d 285, 290 (9th Cir. 1994) ("[The plaintiff] must demonstrate not only deprivation of a constitutionally protected right, but also all of the elements of the tort under state law.").

Squarely in the middle is the Second Circuit, which has reached contradictory holdings on what constitutes the cause of action. *Compare Cook v. Sheldon*, 41 F.3d 73, 79 (2d Cir. 1994) ("Though section 1983 provides the federal claim, we borrow the elements of the underlying malicious prosecution tort from state law."), *with Singer v. Fulton County Sheriff*, 63 F.3d 110, 117 (2d Cir. 1995) (analyzing a § 1983 claim for malicious prosecution under the Fourth Amendment rather than under the state-law elements for the same-named offense).

Even within this circuit, we have not applied a consistent approach to post-*Albright* malicious prosecution cases. While some panels uphold the cause of action by looking to the elements of the parallel state law tort, others attempt to define the claim according to constitutional requirements. *Compare White v. Rockafellow*, No. 98-1242, 1999 WL 283905, at *2 (6th Cir. Apr. 27, 1999) (unpublished table decision) (citing *Albright*, 510 U.S. at 271, 274, and *Coogan*, 820 F.2d at 174, for the proposition that "[a] claim of malicious prosecution is actionable under § 1983 where all elements of the state law tort are present and probable cause was lacking as defined by Fourth Amendment jurisprudence"), *with Moore v. Hayes*, No. 94-1894, 1996 WL 200282, at *3 (6th Cir. Apr. 24, 1996) (unpublished table decision) (holding that a claim for malicious prosecution under § 1983 "must be judged under the probable cause requirements of the Fourth Amendment"), *and Smith v. Williams*, No. 94-6306, 1996 WL 99329, at *5 (6th Cir. Mar. 6, 1996) (per curiam) (unpublished table

decision) (conducting an analysis of a malicious prosecution claim under the Fourth Amendment without delving into the state-law elements of the tort by the same name). Many of the cases relying on the elements of the corresponding state tort continue to cite to pre-*Albright* cases for support. For example, the *White* case, described above, cited this circuit's opinion in *Coogan v. City of Wixom*, 820 F.2d 170, 174-75 (6th Cir. 1987), which held that "[a]n action for damages under § 1983 based on a claim of malicious prosecution is properly dismissed when the plaintiff fails to show that all the elements of the charge under state law are present." We note, however, that *Coogan* was decided prior to *Albright* and is no longer good law. The *Albright* court addressed the question of what constitutional support existed for a federal malicious prosecution claim, and held that, in a case involving underlying Fourth Amendment violations, the Fourth Amendment is the only "peg" on which to hang a § 1983 claim alleging malicious prosecution. Thus, we hold that *Albright* precludes reliance on state law to define a § 1983 federal cause of action.

We unanimously reject the reasoning of courts which have relied on the state law elements of malicious prosecution. We hold that establishing a § 1983 cause of action requires a constitutional violation and cannot differ depending on the tort law of a particular state.

### C.

We address the role of state law in defining a § 1983 claim for malicious prosecution, above, because so many courts have split on the question, and we unanimously reject the application of state law to define the elements of a constitutional claim. Our ultimate ruling in this case, however, obviates the need to define the elements of plaintiff's separate § 1983 claim for malicious prosecution. As detailed below, we hold that, under *Albright*, plaintiff in this case does not have a constitutional claim for malicious

official found guilty of bribing jurors. The Court made clear, though, that because the Fourth Amendment relates to deprivations of liberty that go hand in hand with criminal prosecutions, any § 1983 claim alleging pre-trial deprivations of liberty is limited to the explicit protections of the Fourth Amendment and any damages resulting from that violation of plaintiff's Fourth Amendment rights.

### III.  Conclusion

In sum, we hold that plaintiff here cannot bring a separate constitutional claim for malicious prosecution under the Fourth Amendment. Thus, we deny appellant's request for qualified immunity on the grounds that plaintiff cannot bring, as a separate claim, the claim from which appellant seeks immunity. For the same reason, we dismiss this appeal. Plaintiff's Fourth Amendment claims are still pending before the district court and must be addressed there, consistent with this opinion.

constitute damages recoverable under the Fourth Amendment. But the Fourth Amendment does not support a separate malicious prosecution claim independent of the underlying illegal seizure. The dissent proposes three elements of a § 1983 claim for malicious prosecution under the Fourth Amendment. We fail to see the constitutional basis for these elements, however. Although an unreasonable seizure clearly is the basis for a direct Fourth Amendment claim, we believe *Albright* precludes using it as the basis of a separate malicious prosecution claim. Furthermore, we do not see a constitutional basis, other than substantive due process, for the other proposed elements, and the Supreme Court has explicitly said that we cannot rely on substantive due process in this context. Thus, we fail to see how the Constitution supports the claim outlined by the dissent.

Contrary to the dissent's characterization of our opinion, we do not read *Albright* "as totally eliminating the § 1983 cause of action for malicious prosecution in our circuit." In cases in which the plaintiff's Fourth Amendment rights are not implicated, we believe *Albright* leaves open the question of whether substantive due process may be available to the plaintiff. *See* Esther M. Schonfeld, *Malicious Prosecution as a Constitutional Tort: Continued Confusion and Uncertainty*, 15 Touro L. Rev. 1681, 1764 (1999) ("If . . . the Fourth Amendment is not implicated, then substantive due process may be available to the plaintiff."). We cannot agree with the dissent's statement that "§ 1983 claims for malicious prosecution must be grounded in the Fourth Amendment." *Albright* holds only that in cases in which a Fourth Amendment violation has occurred, a § 1983 claim cannot be brought under notions of substantive due process. *Albright* appears to acknowledge that in cases of egregious behavior that do not include a seizure, a plaintiff may have a §1983 malicious prosecution claim supported by substantive due process rights. For example, substantive due process may support a § 1983 malicious prosecution claim against a police officer who plants false evidence to implicate a suspect whose arrest was supported by probable cause, or against a state

prosecution separate from his Fourth Amendment claims still pending in the district court.

In *Albright*, the plaintiff alleged on appeal only a due process right to be free of prosecution without reasonable cause. Plaintiff originally turned himself in on the underlying criminal charges and he was booked, required to post bond, and prohibited from leaving the state without the court's permission. Before trial, however, the circuit court dismissed the information against Albright on the ground that it failed to state a claim under Illinois law. Albright filed a civil action against Officer Oliver one day short of two years after the dismissal of the prosecution. Despite the fact that the plaintiff's surrender to the state may have constituted a seizure under the Fourth Amendment, the plaintiff alleged no Fourth Amendment violation because he had waived his Fourth Amendment claim based on that seizure, concluding that it was barred by the statute of limitations. *Id.* at 271. In order to avoid problems with the statute of limitations, the plaintiff sought to base his claim solely on the prosecution against him.

The Supreme Court in *Albright* eliminated the substantive due process foundation as a basis for a § 1983 claim of malicious prosecution alleging arbitrary pretrial deprivations of liberty. The Court determined that any recovery based on a claim of malicious prosecution in a case involving an illegal seizure is limited to that which is recoverable under a Fourth Amendment illegal seizure claim and concluded that Albright did not have a separate constitutional claim for malicious prosecution. Albright's Fourth Amendment claims having been waived, the Court affirmed the dismissal of Albright's separate malicious prosecution claim.

Although in the present case we address an appeal by the original defendant challenging the district court's denial of qualified immunity, this case involves a scenario which is substantively identical to *Albright*. Appellant, like the appellant in *Albright*, challenges the district court's ruling

only with respect to a separate constitutional claim for malicious prosecution and resulting damages alleged by plaintiff. Plaintiff has Fourth Amendment claims for unreasonable seizure, arrest without probable cause, and false imprisonment still pending in the district court and any damages resulting from a Fourth Amendment violation, including loss or expense by reason of a resulting prosecution, may be recovered there.[1] As in *Albright*, however, neither plaintiff's Fourth Amendment claims nor any challenges to them are before this court. The factual premise of plaintiff's claims here involves allegations of governmental behavior explicitly prohibited by the Fourth Amendment. *Albright* therefore requires that plaintiff's constitutional claims are limited to any violations of, and resulting damages from, his right to be free from illegal seizure under the Fourth Amendment. Appellant's request in the district court for qualified immunity and summary judgment was denied with respect to plaintiff's Fourth Amendment claims and appellant has not appealed that denial. Plaintiff's Fourth Amendment claims remain pending in the district court and, under *Albright*, plaintiff cannot bring a separate constitutional claim for malicious prosecution. We cannot grant appellant

---

[1] Courts have acknowledged broad compensatory and even punitive damage awards for injuries resulting from seizures which violate the Fourth Amendment. For example, the Fifth Circuit affirmed a district court's Fourth Amendment damage award which took into account "the time spent in jail, the mental anguish suffered, the damage to reputation suffered, and the legal fees incurred to defend the criminal charges." *Hale v. Fish*, 899 F.2d 390, 403 (5th Cir. 1990). The court held that an award of requested attorney's fees compensating the plaintiff for his underlying defense was required and that punitive damages could be awarded at the discretion of the district court. *Id.* at 404. *See also Meyer v. City of Cincinnati*, 1991 WL 165584 (6th Cir.) (unpublished opinion). *Albright* does nothing to foreclose the possibility that, in such cases, injured individuals may be able to recover damages from a resulting prosecution under a Fourth Amendment claim based on the original unlawful seizure.

qualified immunity from a non-existent claim.[2] Thus, appellant's request for qualified immunity from plaintiff's distinct § 1983 malicious prosecution claim must be denied.

The dissent relies on this circuit's decision in *Spurlock v. Satterfield*, 167 F.3d 995 (6th Cir. 1999), to conclude that plaintiff has a viable claim. Although the *Spurlock* court did state that "the right to be free from malicious prosecution [is] a right clearly established under the Fourth Amendment," *id.* at 1006, the court summarily concluded that such a right was "clearly established" and reasoned that "[t]he right must be asserted according to the Fourth Amendment because the Supreme Court, in *Albright v. Oliver*, . . . held that there was no such substantive due process right." *Spurlock*, 167 F.3d at 1006 n.19. Although we agree that *Albright* eliminated a substantive due process right, we cannot agree that eliminating one right establishes another. In addition, the *Spurlock* court failed to acknowledge *Albright*'s ultimate holding dismissing Albright's separate malicious prosecution claim because his Fourth Amendment claims were not before the court. Because we find that the *Albright* holding controls our disposition of the present case and because *Spurlock* failed to address that holding, we cannot rely on *Spurlock*.

*Albright* eliminated reliance on substantive due process which was the basis on which courts historically relied for malicious prosecution claims. Instead, *Albright* now limits a plaintiff who was subject to an illegal seizure to recovery under the Fourth Amendment. Clearly an arrest without probable cause violates the Fourth Amendment, and if a prosecution follows from such an arrest, then it may

---

[2] We emphasize that the dissent is incorrect when it states that we conclude that a "cause of action for malicious prosecution" is a non-existent claim. In fact, we hold only that in cases *based on alleged Fourth Amendment violations*, plaintiffs do not have a separate § 1983 claim for malicious prosecution. As discussed in more detail below, a § 1983 claim for malicious prosecution may be available in cases in which the plaintiff's Fourth Amendment rights have not been violated.