158

**Rrok GORCAJ, Plaintiff–Appellant,**

v.

**Sharon MEDULLA; City of
Hamtramck Defendants–
Appellees.**

**No. 01–1288.**

United States Court of Appeals,
Sixth Circuit.

Nov. 15, 2002.

Before MARTIN, Chief Judge,
MOORE, Circuit Judge, and WISEMAN,
District Judge.*

PER CURIAM.

Rrok Gorcaj appeals the district court's grant of summary judgment to Sharon Medulla and the City of Hamtramck. Gorcaj brought a claim under 42 U.S.C. § 1983 based on theories of false arrest, false imprisonment and malicious prosecution against Medulla acting in her capacity as housing director for the City of Hamtramck. We **AFFIRM** the district court's grant of summary judgment to Sharon Medulla and the City of Hamtramck.

In the summer of 1997 Sharon Medulla, the sole person in the City of Hamtramck's Housing Code Department, secured what is styled by the City of Hamtramck a "complaint misdemeanor" against Rrok Gorcaj for violating City Housing Ordinance 394. After her initial investigation into a "badly fire damaged house destroyed beyond repair ... wide open to trespassers" on 3015–17 Goodson, Lot 18, Medulla concluded that Rrok Gorcaj was the owner of the property. Medulla then typed out the complaint misdemeanor form with the comments: "the complaining witness says that on the date and at the

---

* The Honorable Thomas A. Wiseman, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

location described, the defendant, contrary to law, is the owner and/or occupant of the premises known as: 3015–17 Goodson Lot 18, Hart's Subdivision and is in violation of said Ord. 394, Secs. 1–102 & 1–103."

The City of Hamtramck had no written procedures for determining the owners of property in violation of Ordinance 394. City of Hamtramck, Mi., Ordinance 394 (Oct. 7, 1980). The ordinance does state that the Recorder of Deeds for the County of Wayne is the authority for property ownership. *Id.* at Sec. 1–105, 1–109. The prosecution of the complaint was initiated on July 24, 1997, after the City Attorney reviewed and signed the complaint misdemeanor. The original complaint misdemeanor indicates that the "prosecuting official" of the complaint misdemeanor is the City Attorney. Sharon Medulla signed only as the "complaining witness."

Both Medulla and Gorcaj behaved in peculiar ways making this a rather unique case. As the misdemeanor case proceeded through the arraignment, the proceedings, the pre-trial conference, settlement offers and the trial itself, Gorcaj assumed and acted as if he was the property owner of 3015–17 Goodson. Despite acknowledging that he might need a lawyer and being encouraged by the City of Hamtramck to consult a lawyer, Gorcaj never hired a lawyer. Only in the post-trial phase did Gorcaj raise the issue of ownership and have the Register of Deeds searched. After he served eleven days of his forty-five day jail sentence, the state trial court released Gorcaj from jail when it determined that he was not the actual property owner.

Medulla's actions in determining the property owner of 3015–17 Goodson are also troubling. Medulla searched the city tax records for the property in question only discovering Peter Gorcaj's name, not Rrok Gorcaj. Furthermore, Medulla procured Rrok Gorcaj's name from the "homeowner" line of a rental inspection application for the property filed in her office. However, both Peter and Rick Gorcaj's names were on the "homeowner" line and only Peter signed the application. Finally, according to Gorcaj's version of a conversation which at this stage of review we must accept as true, Gorcaj asked Medulla if he was the property owner. She stated she was sure he was.

The standard of review for a district court's grant of summary judgment is de novo *Williams v. Mehra,* 186 F.3d 685, 689 (6th Cir.1999) (en banc). Summary judgment is proper where there are no genuine issues of material fact in dispute and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c). We review all the evidence, all facts, and any inferences that may be drawn from the facts in a light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

A section 1983 claim requires a constitutional violation. *Frantz v. Village of Bradford,* 245 F.3d 869, 873 (6th Cir.2001). Thus, a section 1983 claim based on theories of false arrest, false imprisonment, and malicious prosecution stands on the Fourth Amendment and turns on the question of probable cause. *Id.*

In addressing the issue of probable cause, the district court emphasized the fact that Gorcaj "held himself out" as the property owner during all stages of the trial. The district court's emphasis on this fact is well placed. Gorcaj had every opportunity to consult the Register of Deeds himself or hire an attorney who in theory would first determine who owned the property. Standing on this fact alone, the district court's conclusion that a prudent person would always find probable cause to arrest, prosecute and imprison Gorcaj is well grounded.

**160**

Construing the facts and reasonable inferences most favorably for Gorcaj, we conclude that his claim fails. Even if Gorcaj had concluded he was the property owner just on the basis of Medulla's erroneous answer to his asking who owned the property, this event alone does not relieve Gorcaj of the duty to find out who owned the property. Gorcaj had doubts as to whether he owned the property; however, Gorcaj just relied on Medulla's answer to his question. At best Gorcaj's action was based on expedience, at worst indolence. The Constitution does not protect either.

Though Medulla's rationale for concluding that Rrok Gorcaj owned the property is also troubling, there are several reasons why her behavior does not fall under the scope of section 1983. She is the "complaining witness" and does not have the authority to arrest or prosecute the violation. Ordinance 394 states that the City Attorney shall prosecute all persons failing to comply with the terms of the notices provided for herein." Ordinance 394, Section 1–107. The Ordinance explicitly states that the City attorney is the one who takes legal action. *Id.* Finally, even when examining all of Medulla's actions occurring before the critical event of Gorcaj holding himself out as property owner, in this instance these actions in themselves do not lead to an actual arrest, prosecution or imprisonment. Rather, Gorcaj had to affirmatively act in order for these events to occur.

This judgment is affirmed.