**Thomas L. DAVIS, Plaintiff–Appellant,**

v.

**Deana M. FINNEGAN; Randy. O. Colbry, Defendants–Appellees.**

No. 01–1204.

United States Court of Appeals, Sixth Circuit.

Nov. 9, 2001.

---

Before BOYCE F. MARTIN, JR., Chief Judge; BATCHELDER, Circuit Judge; and SARGUS, District Judge.*

Thomas L. Davis appeals a district court judgment that dismissed his civil rights complaint filed under 42 U.S.C. § 1983 for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Davis filed his complaint in the district court alleging that the two defendant prosecuting attorneys subjected him to a malicious criminal prosecution. Plaintiff named defendants in their individual capacities and sought declaratory and injunctive relief and compensatory and punitive damages. The district court reviewed the complaint and dismissed the action sua sponte for failure to state a claim upon which relief can be granted. Plaintiff filed a timely notice of appeal. On appeal, plaintiff essentially contends that he alleged a malicious prosecution claim cognizable under § 1983.

Upon de novo review, *see Brown v. Bargery,* 207 F.3d 863, 866 (6th Cir.2000); *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997), we affirm the judgment for the reasons stated by the district court in its order of summary dismissal filed January 23, 2001. First, plaintiff completely failed to make any specific factual allegations to support his conclusory claim that the defendant prosecutors subjected him to a malicious prosecution. Further, defendants enjoy absolute immunity from suit for money damages for acts performed as prosecutors. *See Kalina v. Fletcher,* 522 U.S. 118, 131, 118 S.Ct. 502, 139 L.Ed.2d 471 (1997); *Buckley v. Fitzsimmons,* 509 U.S. 259, 273, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993); *Burns v. Reed,* 500 U.S. 478, 495, 111 S.Ct. 1934, 114 L.Ed.2d 547 (1991). Moreover, it appears unlikely that plaintiff could establish a cognizable § 1983 malicious prosecution claim under any circumstances. *See Darrah v. City of Oak Park,* 255 F.3d 301, 308–12 (6th Cir.2001); *Frantz v. Village of Bradford,* 245 F.3d 869, 873–76 (6th Cir.2001). In any event, the district court properly dismissed plaintiff's complaint under the circumstances of this case.

For the foregoing reasons, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.

---

* The Honorable Edmund A. Sargus, Jr., United States Circuit Judge for the Southern District of Ohio, sitting by designation.