James **HARLESS**, Plaintiff,

v.

**CITY OF COLUMBUS,**
**et al., Defendants.**

**No. 00CV394.**

United States District Court,
S.D. Ohio,
Eastern Division.

Jan. 4, 2002.

**1026**

James Donald McNamara, Columbus, OH, for plaintiff.

Paula Jennings Lloyd, Columbus, OH, for defendants.

## OPINION AND ORDER

MARBLEY, Chief Judge.

### I. INTRODUCTION

This matter is before the Court on the Defendant's Motion for Summary Judgment.[1] This Court heard oral argument on the Motion on November 30, 2001. Jurisdiction is proper under 42 U.S.C. § 1983.

For the following reasons, the Court **GRANTS** the Defendant's Motion for Summary Judgment in part and **DENIES** the Defendant's Motion for Summary Judgment in part.

### II. FACTS AND PROCEDURAL HISTORY

On November 1, 1999, the Plaintiff, James Harless ("Harless"), who had been doing maintenance work at an apartment building in Columbus, Ohio, took a lunch break with some of his employees around noon. Harless and his crew drove to lunch in two separate vehicles. Harless drove the front vehicle with his employee, Mr. Robert Moore, as his passenger.

Harless drove south on Greenfield Drive toward the intersection of Greenfield and Greenlawn Avenue in Columbus, and no-

ticed a construction site on Greenlawn Avenue in front of him. As he approached the stop sign on Greenfield Drive where it intersected with Greenlawn, he saw three men standing near a truck in the intersection. He later learned that one of the three men was the Defendant, Officer Khaled S. Bahgat of the Columbus Police Department, who had been stationed near the construction site on Greenlawn Avenue on special duty directing traffic. Harless stopped at the stop sign on Greenfield Drive, then eased forward to get a better view of the traffic before making a left turn.

Officer Bahgat claims that just before Harless arrived at the stop sign, he saw Harless approaching the intersection, and signaled to him with his hand to come to a stop because he had just waived through the westbound traffic on Greenlawn. Officer Bahgat contends that Harless ignored this initial signal to stop when he began to drive forward past the stop sign. When Harless began to edge forward, Officer Bahgat moved quickly toward Harless' vehicle, yelling "Stop!" while he motioned with his hand for Harless to stop. Harless stopped upon the officer's verbal command.

After the westbound traffic cleared the intersection, Officer Bahgat motioned for Harless' vehicle to proceed through the intersection. Harless drove his vehicle very slowly past Officer Bahgat, who, at that moment, was standing approximately three to four feet to the side of Harless' passenger window. According to Harless, as he drove by, Officer Bahgat said, "[t]ake a good look, asshole." Harless then completed his turn, drove east on Greenlawn Avenue until he came to a safe

---

**1.** Both the City of Columbus and Khaled S. Bahgat filed the Motion for Summary Judgment. After the Motion was filed, the Plaintiff voluntarily dismissed the City of Columbus as a defendant, leaving only Officer Bahgat as a Defendant.

place to pull over, and parked his vehicle on the side of the road.

After Harless parked his van, he walked back toward the intersection to where Officer Bahgat was standing and talking to Harless' co-worker, Jeff Woods, the driver of the van that had been directly behind Harless' van. Harless asked the officer for his name and badge number. In response, Officer Bahgat told Harless to leave, saying that he was making a bad situation worse. Harless repeated his request for the officer's name and badge number two times, but Officer Bahgat did not respond. Mr. Woods then asked Harless if he wanted him to call a police sergeant, and Harless responded, "yes." Officer Bahgat then turned to Harless and asked for his driver's license, which Harless provided. Officer Bahgat asked for the license because he had decided to issue Harless a ticket for the traffic offense of "officer signal disregarded," based on Harless' alleged failure to heed the officer's first hand signal to stop at the intersection.

Because Officer Bahgat was on special duty, on the scene in his personal vehicle without a citation book, he went to his car and used his cell phone to call for a police cruiser to bring a citation book. He also asked that a sergeant come to the scene in response to Harless' request.[2]

A sergeant came to the scene and took a citizen complaint from Harless. The complaint recounted Harless' claim that Officer Bahgat directed a derogatory epithet toward him and then issued him a ticket in reaction to Harless' request for his name and badge number. The sergeant was still present when Officer Bahgat issued Harless a citation for "officer signal disregard-

ed," approximately forty-five minutes after Officer Bahgat took Harless' driver's license.

Harless went to trial on the traffic offense in the Franklin County Municipal Court. During the bench trial, Officer Bahgat testified that Harless had committed a traffic offense, and then explained why he did not issue Harless a citation immediately after he committed the violation. According to his testimony, Officer Bahgat initially made the discretionary decision not to issue Harless a citation because: (1) he did not have his citation book with him and he knew he would have to call for a cruiser to bring him a citation form; (2) he did not want to hold up either Harless or other traffic while he waited for the cruiser; and (3) because he was on special duty and was driving his personal vehicle rather than a cruiser, he did not believe he had the authority to direct Harless to pull his car off the road. Once Bahgat realized, however, that Harless intended to remain at the scene voluntarily while he waited to speak with a sergeant, he knew he would not obstruct traffic while he waited for the cruiser to bring a citation book. At the conclusion of the trial, Harless was found not guilty of the traffic offense.

Harless filed a Complaint with this Court against Defendant Officer Bahgat on February 22, 2000. The Complaint alleges claims under 42 U.S.C. § 1983 for violations of Harless' rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution.[3] Specifically, Harless claims that his Fourth Amendment rights were violated by an

---

**2.** Officer Bahgat testified during his deposition that he asked for a sergeant because he was unsure if Woods had placed the call, as Harless had requested.

**3.** The Plaintiff cites the Fourteenth Amendment only because his rights under the First and Fourth Amendment as against the state are incorporated through that amendment.

unreasonable seizure[4] and a malicious prosecution, and his First Amendment rights were violated by Officer Bahgat's decision to issue a citation only after Harless exercised his right to file a complaint against the officer.

## III. STANDARD OF REVIEW

Summary judgment is appropriate "[i]f the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The movant has the burden of establishing that there are no genuine issues of material fact, which may be accomplished by demonstrating that the nonmoving party lacks evidence to support an essential element of its case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Barnhart v. Pickrel, Schaeffer & Ebeling Co.,* 12 F.3d 1382, 1388–89 (6th Cir.1993). In response, the nonmoving party must present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos.,* 8 F.3d 335, 339–40 (6th Cir.1993). "[S]ummary judgment will not lie if the dispute is about a material fact that is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (concluding that summary judgment is appropriate when the evidence could not lead the trier of fact to find for the non-moving party).

In evaluating a motion for summary judgment the evidence must be viewed in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). In responding to a motion for summary judgment, however, the non-moving party "may not rest upon its mere allegations ... but ... must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e); *see Celotex,* 477 U.S. at 324, 106 S.Ct. 2548; *Searcy v. City of Dayton,* 38 F.3d 282, 286 (6th Cir.1994). Furthermore, the existence of a mere scintilla of evidence in support of the non-moving party's position will not be sufficient; there must be evidence on which the jury could reasonably find for the non-moving party. *Anderson,* 477 U.S. at 251, 106 S.Ct. 2505; *see Copeland v. Machulis,* 57 F.3d 476, 479 (6th Cir.1995).

## IV. ANALYSIS

■ The Plaintiff has alleged claims pursuant to 42 U.S.C. § 1983. Section 1983 reads, in relevant part:

Every person who, under color of any statute, regulation, custom, or usage of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. In order to succeed on a claim for a violation of § 1983, the plain-

---

**4.** The Complaint actually states a claim for false arrest. It is in his Memorandum Contra that Harless clarifies that the claim based on his roadside detention is actually a claim of unreasonable seizure in violation of the Fourth Amendment.

tiff must show that (1) a person (2) acting under color of law (3) deprived him of his rights secured by the United States Constitution or its laws. *Berger v. City of Mayfield Heights*, 265 F.3d 399, 405 (6th Cir.2001). Defendant Bahgat does not contest the fact that he is a person who acts under color of law. Therefore, the Court must determine whether Officer Bahgat deprived Harless of his rights that are secured by the United States Constitution.

### A. Unreasonable Seizure

■ Harless contends that he committed no traffic offense prior to Officer Bahgat's issuing a citation. He argues that his forty-five minute detention for the issuance of the traffic citation was not based on a reasonable suspicion that he had committed a crime, and violated his Fourth Amendment right to be free from unreasonable seizures.

■ Consensual encounters between police officers and citizens are not seizures and, therefore, are not governed by the Fourth Amendment. *United States v. Avery*, 137 F.3d 343, 352 (6th Cir.1997) (citing *Florida v. Bostick*, 501 U.S. 429, 433, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991), in which the Supreme Court defined a consensual encounter as one where a reasonable citizen would feel free to disregard the police and go about his business). Consensual encounters can, however, mature into investigatory detentions or seizures if the officer takes actions that would indicate to a reasonable person that he was not free to leave. *I.N.S. v. Delgado*, 466 U.S. 210, 215, 104 S.Ct. 1758, 80 L.Ed.2d 247 (1984); *United States. v. Ushery*, 968 F.2d 575, 579 (6th Cir.1992). If such a change in the nature of the encounter occurs, then the strictures of the Fourth Amendment apply to the stop. *Ushery*, 968 F.2d at 579.

Officer Bahgat did not issue the traffic citation until after Harless had voluntarily stopped his vehicle, had voluntarily approached and spoken to Officer Bahgat, and had chosen to remain at the intersection to speak with a sergeant. He did not require Harless to remain at the intersection for any period of time significantly longer than it took for Harless to file his complaint, as evidenced by the fact that the sergeant who took the complaint was still present when Officer Bahgat issued the citation. Officer Bahgat never detained Harless involuntarily, nor indicated that Harless was not free to leave. To the contrary, Officer Bahgat told Harless that he should leave. Because Harless nonetheless chose to remain at the intersection with Officer Bahgat, their encounter was consensual, and the nature of the encounter did not change over the span of the forty-five minutes that Harless remained at the intersection before he received his citation. Therefore, Harless cannot assert a claim under the Fourth Amendment for a violation of his right to be free from unreasonable seizures, as the Fourth Amendment does not apply in these circumstances.

■ Assuming, *arguendo*, that Harless was detained involuntarily for some brief period between his filing of the complaint with the sergeant and Officer Bahgat's issuance of the citation, that brief detention did not violate his Fourth Amendment right to be free from unreasonable seizures because Officer Bahgat had a reasonable, articulable suspicion that Harless had violated a traffic law, based on his observation of the alleged violation. *See Whren v. United States*, 517 U.S. 806, 817–19, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996) (holding that a routine traffic stop not violate the constitutional protections of the Fourth Amendment when the officer effecting the stop has probable cause to

believe that the individual violated a traffic law); *United States v. Palomino,* 100 F.3d 446, 448 (6th Cir.1996) (same). The Court notes that for the purposes of this particular claim, Officer Bahgat's motivation in issuing the citation does not render this otherwise valid stop invalid. *See United States v. Hill,* 195 F.3d 258 (6th Cir.1999) (ruling that the legality of a traffic stop is not dependent on the officer's motivations, as long as the officer has probable cause to support the stop).

Based on the foregoing, the Court hereby **GRANTS** the Defendant's Motion for Summary Judgment as to Harless' § 1983 claim of an unreasonable seizure in violation of the Fourth Amendment.

### B. Malicious Prosecution

■ Harless contends that he was prosecuted for a traffic offense he did not commit. Therefore, he asserts that Defendant Bahgat filed a charge without probable cause in violation of the Fourth Amendment, making him subject to liability under 42 U.S.C. § 1983 for malicious prosecution.

A plaintiff does not have an independent § 1983 claim for malicious prosecution when the claim is based on facts that give rise to a Fourth Amendment claim of unreasonable seizure. *See Frantz v. Village of Bradford,* 245 F.3d 869, 875–76 (6th Cir.2001) (ruling that the plaintiff could not assert a claim of malicious prosecution where the factual premise for the plaintiff's claim were actions by officers that were expressly prohibited by the Fourth Amendment). In *Frantz,* the Sixth Circuit declared:

> Clearly an arrest without probable cause violates the Fourth Amendment, and if a prosecution follows from such an arrest, then it may constitute damages recoverable under the Fourth Amendment. But the Fourth Amendment does not support a separate malicious prosecution claim independent of the underlying seizure . . . .

*Id.* at 876. Thus, when a plaintiff has a Fourth Amendment claim for an unreasonable seizure, he cannot separately assert a claim of malicious prosecution for a prosecution that arose out of that seizure.

Here, the facts underlying Harless' malicious prosecution claim are the same facts that he relies on to support his claim of an unreasonable seizure. Thus, under *Frantz,* Harless is prohibited from bringing a separate claim of malicious prosecution, as he must rely on his Fourth Amendment unreasonable seizure claim to support any claim for liability and damages. The fact that this Court finds Harless' unreasonable seizure claim to lack factual support does not change the legal finding that he cannot assert a separate claim of malicious prosecution.

The Court hereby **GRANTS** the Defendant's Motion for Summary Judgment as to Harless' § 1983 claim for malicious prosecution in violation of the Fourth Amendment.

### C. First Amendment—Vindictive Enforcement

■ Harless asserts that he was detained and prosecuted for his alleged traffic offense as mere punishment for his having requested Officer Bahgat's name and badge number so that he could file a complaint against him.

■ The right to free speech, protected by the First Amendment, includes the right to verbally question or challenge the police. *Houston v. Hill,* 482 U.S. 451, 461, 107 S.Ct. 2502, 96 L.Ed.2d 398 (1987). In fact, an individual's right to criticize actions by government officials, including police officers, is central to the First Amendment. *McCurdy v. Montgomery County, Ohio,* 240 F.3d 512, 520 (6th Cir.

2001). Retaliatory acts by state officers, including arrests, for the exercise of such First Amendment rights provide a proper basis for actions under § 1983. "[A]dverse state action 'motivated at least in part as a response to the exercise of the plaintiff's constitutional rights' presents an actionable claim of retaliation." *Id.* (citation omitted). This type of retaliatory act by an officer is referred to as vindictive enforcement, which is a type of selective enforcement. *See Futernick v. Sumpter Township,* 78 F.3d 1051 (6th Cir.1996). In *Futernick,* the Sixth Circuit stated:

> It is ... clear that selective enforcement intended to discourage or punish the exercise of a constitutional right, especially the right to criticize the government, is sufficient basis for § 1983 relief.

*Id.* at 1057 (citations omitted). To succeed on a claim of vindictive enforcement, the plaintiff must prove that the government officer acted with the intent to punish the plaintiff for his act of engaging in protected speech. *Id.*

In the face of Officer Bahgat's assertion that he issued Harless a citation based only on Harless' alleged traffic violation, Harless has presented substantial circumstantial evidence to support his claim that Officer Bahgat issued the citation in retaliation for Harless' exercising his First Amendment rights. First, Officer Bahgat did not stop Harless immediately after he allegedly committed the offense. Rather, he decided to issue the ticket only after Harless walked back and requested the officer's name and badge number. Second, when Harless initially walked back to the officer, he did not immediately ask for his license, but instead told Harless to leave, and asked for the license only after Harless persisted in trying to get his name and badge number.

The Court finds that there remains a genuine issue of material fact as to whether or not Officer Bahgat issued the citation at least in part based on a desire to retaliate for Harless' exercising his First Amendment rights, and, therefore, **DENIES** the Defendant's Motion for Summary Judgment on the Plaintiff's § 1983 claim of vindictive enforcement.

### D. Qualified Immunity

 Government officials sued in their individual capacities are entitled to seek qualified immunity. *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). Qualified immunity extends to individuals performing discretionary functions unless their actions violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Id.* A right is "clearly established" if "[a] reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton,* 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987).

At the time of this incident, it was clearly established that citizens have a First Amendment right to criticize government officials, and that an official's retaliation against a citizen for having exercised that right violates 42 U.S.C. § 1983. *Barrett v. Harrington,* 130 F.3d 246, 264 (6th Cir. 1997); *see McCurdy,* 240 F.3d at 520 (reversing the district court's finding that the rule prohibiting such retaliatory action was not well-established in 1996). Furthermore, a reasonable officer in Defendant Bahgat's position would have known that the issuance of a citation based in part on a desire to retaliate against Harless for his filing a complaint violates § 1983. Therefore, the Court **DENIES** Officer Bahgat's request for qualified immunity.

### V. CONCLUSION

Based on the foregoing analysis, the Court hereby **GRANTS** the Defendant's

Motion for Summary Judgment as to the Plaintiff's claims of unreasonable seizure and malicious prosecution and **DENIES** the Defendant's Motion for Summary Judgment as to the Plaintiff's claim for vindictive enforcement.

**IT IS SO ORDERED**.