**William David JOHNSON,**
**Plaintiff–Appellant,**

v.

**Michael WARD, et al., Defendants–**
**Appellees.**

No. 00–6547.

United States Court of Appeals,
Sixth Circuit.

July 31, 2002.

sitting by designation.

Before BATCHELDER and CLAY, Circuit Judges; CARR, District Judge.*

## OPINION

CARR, District Judge.

Plaintiff–Appellant William David Johnson was arrested, charged and tried in Marshall County, Kentucky, for the murder of his ex-wife. A jury acquitted Johnson of these charges. Johnson sued County Prosecutor Michael Ward, and Sheriff Terry Anderson, Deputy Sheriff Jamie French, and Deputy Sheriff Troy Defew, the investigating officers. Johnson asserted a § 1983 claim for malicious prosecution, a Civil RICO claim, and state law claims for false arrest, imprisonment, and

defamation. The district court dismissed Johnson's complaint for failure to state a claim on which relief could be granted. It is from this order that Johnson appeals.[1] We AFFIRM.

## BACKGROUND

On November 4, 1998, the body of Marilyn Kathy Johnson was found behind a tobacco barn in Marshall County. Ms. Johnson had been beaten, stabbed and shot approximately two weeks prior to the discovery of her body. She was plaintiff-appellant's ex-wife, though she and he were occupying the same residence.

After an investigation, Deputy French provided an affidavit to the Marshall County District Court seeking an arrest warrant for Johnson. The court issued the warrant, and on November 11, 1998, police arrested him for the murder of his ex-wife.

A Marshall County Grand Jury indicted Johnson on the charge of murder. After twice denying motions for a directed verdict, the trial judge submitted the case to a petit jury. On July, 28, 1999, the jury returned a not guilty verdict in favor of Johnson.

On May 4, 2000, Johnson filed his complaint in the District Court for the Western District of Kentucky. On June 2, 2000, the defendant officers filed an answer, and Ward filed a motion for Rule 11 sanctions. On June 9, 2000, Johnson filed a motion for leave to file an amended complaint. The defendants objected to the proposed amended complaint. On June 30, 2000, Ward filed a motion to dismiss or in the alternative for summary judgment. On July 12, 2000, Johnson filed an "amend-

---

* The Honorable James G. Carr, District Judge, United States District Court for the Northern District of Ohio, sitting by designation.

1. Johnson failed to raise and argue his RICO claim in his appellate brief, and we therefore consider that claim to have been abandoned.

ed motion to amend his complaint." Defendants objected to this amended complaint, claiming the amendment was futile.

On October 27, 2000, the district court issued an Order: 1) granting Ward's motion to dismiss in favor of all defendants; 2) denying plaintiff's motion for leave to amend his complaint; 3) denying Ward's motion for Rule 11 sanctions; and 4) ruling any remaining motions moot, including a motion for a more definite statement, a motion to stay discovery, and motion to file a videotape of the criminal trial. Johnson appeals this order, claiming that the district court erred in granting Ward's motion to dismiss.

For the following reasons, we affirm the district court's Order.

## DISCUSSION

This court reviews *de novo* a district court's dismissal of a complaint for failure to state a claim, taking all well-pleaded factual allegations as true. *Lewis v. ACB Bus. Servs., Inc.,* 135 F.3d 389, 405 (6th Cir.1998).

### I. The *Sua Sponte* Dismissal

■ The district court granted Ward's motion to dismiss in favor of all the defendants, despite the officers' failure to file their own, separate motion. In granting the motion as to all defendants, the district court noted,

> Although Defendants Anderson, French and Defew did not formally file a separate motion to dismiss, Defendant Ward's motion presented arguments as to why Plaintiff's claims fail against all Defendants. Plaintiff responded to the arguments set forth in Ward's Motion to Dismiss. Because the Court's analysis regarding the deficiencies in plaintiff's claim ... applies with equal force to Defendants Anderson French and De-

few, the Court *sua sponte* dismisses these Defendants.

(District Court's Memorandum Opinion, J.A. at 44).

This court has ruled that before dismissing a case *sua sponte* on the merits, the district court must:

> 1) allow service of the complaint upon the defendant; 2) notify all parties of its intent to dismiss the complaint; 3) give the plaintiff a chance to either amend his complaint or respond to the reasons stated by the district court in its notice of intended *sua sponte* dismissal; 4) give the defendant a chance to respond or file an answer or motions; and 5) if the claim is dismissed, state its reasons for the dismissal.

*Tingler v. Marshall,* 716 F.2d 1109, 1112 (6th Cir.1983); *cf. Morrison v. Tomano,* 755 F.2d 515, 517 (6th Cir.1985) (holding that "a *sua sponte* dismissal for failure to state a claim is not necessarily rendered invalid because of lack of service on the defendant or failure to provide the defendant an opportunity to respond").

In this case, the district court complied with the *Tingler* requirements. Defendants had been served and had a chance to respond to Johnson's complaint. Additionally, Johnson filed an opposition to Ward's motion, and the district court detailed its reasons for dismissal in a thorough, written opinion. Accordingly, we hold that the district court's *sua sponte* dismissal of Johnson's complaint was valid.

### II. Section 1983 Malicious Prosecution

In counts one and two of his complaint, Johnson brings a § 1983 malicious prosecution claim. Section 1983 is not self-executing, but merely provides a "method for vindicating federal rights elsewhere conferred." *Albright v. Oliver,* 510 U.S. 266, 271, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994) (citation omitted). Thus, "[t]he first

step in any such claim is to identify the specific constitutional right allegedly infringed." *Id.*

Johnson claims that the defendants violated the Fourteenth Amendment. That Amendment, he alleged, protects the "right ... to be free from prosecution unless probable cause based upon physical evidence, scientific evidence or circumstantial evidence existed for his prosecution." (Plaintiff's Complaint J.A. at 21 ¶ 49).

As this court has stated, "the substantive component of the Fourteenth Amendment's Due Process Clause, 'with its scarce and open-ended guideposts,' may not serve as the basis for a § 1983 malicious prosecution claim." *Darrah v. City of Oak Park,* 255 F.3d 301, 308 (6th Cir.2001) (quoting *Albright,* 510 U.S. at 814, 114 S.Ct. 807); *Frantz v. Village of Bradford,* 245 F.3d 869, 876 (6th Cir.2001) (*"Albright* eliminated reliance on substantive due process which was the basis on which courts

historically relied for malicious prosecution claims.").[2] The right to be free from malicious prosecution "must be asserted according to the Fourth Amendment." *Spurlock v. Satterfield,* 167 F.3d 995, 1006 n. 19 (6th Cir.1999); *see also Darrah,* 255 F.3d at 310 (*"Spurlock* interpreted *Albright* as authorizing a Fourth Amendment malicious prosecution claim.").[3]

■ Johnson did not assert a Fourth Amendment claim. Accordingly, we affirm the district court's ruling that "Plaintiff's Fourteenth Amendment due process claim for malicious prosecution fails to assert a constitutional violation upon which he can premise a section 1983 action."

■ Even if Johnson had brought his claim under the Fourth Amendment, it would still fail because there was probable cause for his arrest and prosecution. *See Darrah,* 255 F.3d at 312 (holding that a

---

**2.** In *Frantz,* however, this court did state, "We believe *Albright* leaves open the question of whether substantive due process may be available to the plaintiff." *Frantz,* 245 F.3d at 877 (citing Esther M. Schonfeld, Malicious Prosecution as a Constitutional Tort: Continued Confusion and Uncertainty, 15 Touro L.Rev. 1681, 1764 (1999)). This court concluded that *"Albright* appears to acknowledge that in cases of egregious behavior that do not include a seizure, a plaintiff may have a § 1983 malicious prosecution claim supported by substantive due process rights." *Id.* Offering examples of such a claim, this court stated that "substantive due process may support a § 1983 malicious prosecution claim against a police officer who plants false evidence to implicate a suspect whose arrest was supported by probable cause, or against a state official found guilty of bribing jurors." *Id.* Johnson has not alleged misconduct of such an egregious nature.

**3.** Recently, this court noted that "[t]he state of the law for malicious prosecution claims brought pursuant to 42 U.S.C. § 1983 has been unsettled since the Supreme Court's decision in *Albright." Darrah,* 255 F.3d at 308

(citing John T. Ryan, Note, Malicious Prosecution Claims Under Section 1983: Do Citizens Have Federal Recourse?, 64 Geo. Wash. L.Rev. 776, 803–09 (1996) (noting the confusion among lower federal courts after *Albright* )). In fact, there are differing interpretations of *Albright* within this circuit. *See Darrah,* 255 F.3d at 309–10 (citing the panel in *Frantz,* which held that the Fourth Amendment does not support a separate malicious prosecution claim independent of the underlying seizure claim), and *Spurlock,* 167 F.3d at 1006 n. 19 (interpreting *Albright* as authorizing a Fourth Amendment malicious prosecution claim)). The court in *Darrah* noted, however, that "when a later decision of this court conflicts with one of our prior published decisions, we are still bound by the holding of the earlier case." *Id.* at 310 (citing *Sowards v. Loudon County, Tenn.,* 203 F.3d 426, 431 n. 1 (6th Cir.2000); *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n,* 180 F.3d 758, 765 (6th Cir.1999), *rev'd on other grounds,* 531 U.S. 288, 121 S.Ct. 924, 148 L.Ed.2d 807 (2001)). Thus, bound by the holding in *Spurlock,* we interpret *Albright* as authorizing a Fourth Amendment malicious prosecution claim.

plaintiff cannot make out a malicious prosecution claim under the Fourth Amendment if there is a finding of probable cause to prosecute).[4]

In his motion to dismiss, Defendant Ward asked that the district court take judicial notice of certain facts from the state criminal case, which he claimed established probable cause. We need not consider Ward's request inasmuch as a county grand jury indicted Johnson, and a "finding by the grand jury is prima facie evidence of probable cause." *Worley v. Columbia Gas of KY., Inc.*, 491 F.2d 256, 263 (6th Cir.1973). As the district court noted, and this court agrees, Johnson failed to plead sufficient facts to overcome this prima facie evidence of probable cause.[5]

### III. State Law Claims

In addition to his § 1983 claim, Johnson also argues that the district court erred when it dismissed his state law claims for false arrest, false imprisonment, and defamation. We disagree.

In Kentucky, the statue of limitations for claim for false arrest and imprisonment is one year. Ky. Rev. Stat §§ 413.140(1)(a), (c). A claim for false arrest accrues at the time of arrest. *McCune v. Grand Rapids*, 842 F.2d 903 (6th Cir.1988). Plaintiff was arrested in November 11, 1998, and did not file his complaint until May 4, 2000.

In Kentucky, the statute of limitations for a libel claim is one year and it accrues at the time of publication. *Lashlee v. Sumner*, 570 F.2d 107, 109 (6th Cir.1978). Johnson alleges that the defendants made their defamatory statements in November, 1998. Again, Johnson did not file his complaint until May 4, 2000.

Johnson, however, argues that this court should follow the Kentucky Supreme Court's holding in *Michels v. Sklavos*, 869 S.W.2d 728 (Ky.1994). In *Michels*, the court held that a malpractice case against an attorney accrues at the moment the case is dismissed. Johnson contends that, under *Michels*, his state law causes accrued at the time he was acquitted of the murder charges. Johnson, how-

---

**4.** In *Darrah*, this court stated that,

In light of *Albright's* holding, the *Frantz* court disavowed any further reliance on *Coogan*, 820 F.2d at 174–75, which had previously held that a § 1983 action for malicious prosecution is defined, in part, by the elements of the state law tort of malicious prosecution. We are bound by the *Frantz* court's holding disavowing our prior decision in *Coogan* because *Frantz* applied the new Supreme Court decision in *Albright* to the *Coogan* case that had preceded *Albright*. We are not bound by the *Frantz* court's interpretation of *Spurlock*, however, because *Spurlock* (unlike *Coogan* ) was decided after *Albright*, and had interpreted *Albright* in concluding that a § 1983 cause of action for malicious prosecution does exist under the Fourth Amendment. No new Supreme Court case justified the *Frantz* court's decision to disregard *Spurlock*.

*Darrah*, 255 F.3d at 312 n. 4.

As such, the district court's reliance on Kentucky law to define Johnson's § 1983 malicious prosecution claim is now precluded by *Albright*.

**5.** This court has held that "where the state affords an opportunity for an accused to contest probable cause at a preliminary hearing and the accused does so, a finding of probable cause by the examining magistrate or state judge should foreclose relitigation of that finding in a subsequent § 1983 action." *Coogan v. Wixom*, 820 F.2d 170, 175 (6th Cir. 1987). Here, the Marshall County Circuit Court found sufficient evidence to bind the case over for trial. As the district court noted, however, the record is unclear whether Johnson had a full and fair opportunity to litigate the issue of probable cause at this preliminary hearing.

ever, provides no explanation or reasoning that would convince this court to extend the holding in *Michels* from claims of legal malpractice to false arrest and defamation claims. As such, we reject Johnson's contention and affirm the district court's ruling.

## CONCLUSION

For the foregoing reasons, we AFFIRM the district court's Order dismissing Johnson's complaint for failing to state a claim.