Sept. 18, 2002.

**Catherine COLLINS, Plaintiff,**

v.

**Byron GUINTHER, et al., Defendants.**

**No. 01–CV–578.**

United States District Court,
S.D. Ohio, Eastern Division.

Dec. 18, 2002.

James Donald McNamara, Columbus, OH, David Gustav Baer, Athens, OH, for plaintiffs.

Tomi L. Dorris, Assistant Attorney General, Columbus, OH, Julie E. Brigner, Sarah West Thompson, Columbus, OH, for defendants.

*OPINION AND ORDER*

MARBLEY, United States Magistrate Judge.

**I. INTRODUCTION**

This matter is before the Court on the Motion of Defendants Byron Guinther and Matthew Sagraves to Dismiss the Plaintiff's 42 U.S.C. § 1983 claim of malicious prosecution, and Defendant Sagraves' Motion for Partial Summary Judgment. For the following reasons, the Court **DENIES** both the Defendants' Motion to Dismiss and Defendant Sagraves' Motion for Partial Summary Judgment.

**II. FACTS AND PROCEDURAL HISTORY**

The following facts are alleged in the Plaintiff's Complaint. Because this matter is before the Court on the Defendants' Motion to Dismiss, the Court accepts the allegations as true.

On May 19, 2000, the Plaintiff, Catherine Collins ("Collins"), and a friend were visiting people at the residence located at 40½ Smith Street in Athens, Ohio. As Collins approached the doorway to the residence, the Defendants, Agents Byron Guinther ("Guinther"), Matthew Sagraves ("Sagraves"), Christopher G. Jones ("Jones"), Robert Anderson ("Anderson"), and Michael A. Smith ("Smith"), all agents of the Ohio Department of Public Safety, ran upon the front porch and physically accosted the Plaintiff's companion. The Defendants, who were dressed in plain civilian clothes at the time, did not immediately identify themselves as officers. The Plaintiff responded to their actions by yelling at the Defendants. In response to her speech, the Defendants arrested Collins for Persistent Disorderly Conduct in violation of Ohio Rev.Code § 2917.11(A)(5), a misdemeanor of the fourth degree. Subsequently, Collins was also charged with Resisting Arrest in violation of Ohio Rev. Code § 2921.33, a misdemeanor of the second degree.

Collins entered not guilty pleas on the two misdemeanor charges. Upon a motion to dismiss filed by Collins' counsel, the state court dismissed both charges. The court ruled that Collins' speech was protected under the First Amendment and, therefore, could not form the basis of a criminal charge. The court reasoned that, because the initial arrest was improper, the resisting arrest charge was also improper.

Based on the foregoing events, Collins filed a Complaint against the Defendants

in the Athens County Court of Common Pleas. The Defendants removed the Complaint to this Court on June 15, 2001. In her Complaint, the Plaintiff asserts the following claims: (1) violation of 42 U.S.C. § 1983 based on an infringement of the Plaintiff's rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution; (2) violation of the Plaintiff's rights under Art. I, §§ 11 and 14 of the Ohio Constitution; (3) assault and battery; (4) false arrest and false imprisonment; and (5) malicious prosecution.

On October 12, 2001, this Court dismissed the Plaintiff's state law claims without prejudice. Since that time, the Plaintiff has dismissed, with prejudice, her claims against Defendants Anderson, Smith, and Jones. The Plaintiff has also dismissed her Fourth Amendment excessive force claim as against Defendant Sagraves. The following claims, brought pursuant to 42 U.S.C. § 1983, are still pending in this matter: (1) unreasonable seizure as against Defendants Guinther and Sagraves; (2) malicious prosecution as against Defendants Guinther and Sagraves; and (3) excessive force as against Defendant Guinther. This matter is before the Court on the Defendants' Motion to Dismiss the claim of malicious prosecution.

### III. STANDARD OF REVIEW

A complaint should not be dismissed under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 724 (6th Cir.1996). This Court must "construe the complaint liberally in the plaintiff's favor and accept as true all factual allegations and permissible inferences therein." *Lillard*, 76 F.3d at 724 (quoting *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th

Cir.1994)). While the complaint need not specify every detail of a plaintiff's claim, it must give the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Gazette*, 41 F.3d at 1064. While liberal, this standard of review does require more than the bare assertion of legal conclusions. *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir.1993) (citation omitted). A complaint must contain either direct or inferential allegations with respect to all the material elements necessary to sustain a recovery under some viable legal theory. *Glassner v. R.J. Reynolds Tobacco Co.*, 223 F.3d 343, 346 (6th Cir.2000) (citing *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir.1988)).

### IV. ANALYSIS

#### A. Defendant Sagraves' Motion for Partial Summary Judgment

On June 26, 2002, Defendant Sagraves filed a Motion for Partial Summary Judgment, seeking summary judgment on the Plaintiff's claim of excessive use of force. Rather than filing a response to the Motion, on August 28, 2002, the Plaintiff filed a Stipulation of Dismissal, in which she stipulated that she dismissed with prejudice her claim of excessive use of force as against Defendant Sagraves.

Based on the Stipulation of Dismissal, the Court **DENIES** the Defendant's Motion for Partial Summary Judgment as moot.

#### B. Defendants' Motion to Dismiss Malicious Prosecution Claim

Collins alleges that the Defendants violated 42 U.S.C. § 1983 by prosecuting her without probable cause in violation of her Fourth Amendment rights. Defendants Guinther and Sagraves, however, assert that this claim of malicious prosecution must be dismissed because a plaintiff does

not have an independent claim under § 1983 for malicious prosecution when the claim is based on facts that give rise to a Fourth Amendment claim of unreasonable seizure, as is the case here. Despite the body of cases that reasonably led the Defendants to believe that their statement of the law was accurate, the Court finds that the Plaintiff may assert a § 1983 Fourth Amendment claim for malicious prosecution separate and apart from her claim for unreasonable seizure. In an attempt to clarify the path that leads the Court to this conclusion, the Court proceeds to review the relevant case law.

In *Albright v. Oliver,* 510 U.S. 266, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994), a plurality of the Supreme Court held that a claim of malicious prosecution, brought pursuant to 42 U.S.C. § 1983, cannot be supported by the substantive due process clause of the Fourteenth Amendment. *Id.* at 274–75, 114 S.Ct. 807 (holding that "substantive due process, with its 'scarce and open-ended' 'guideposts,'" affords no relief to a plaintiff alleging malicious prosecution) (quoting *Collins v. Harker Heights,* 503 U.S. 115, 125, 112 S.Ct. 1061, 117 L.Ed.2d 261 (1992)). *Albright* left open the question of whether individuals could pursue § 1983 claims for malicious prosecution under the Fourth Amendment, as the plaintiff in *Albright* had waived all of his Fourth Amendment claims, and asserted his malicious prosecution claim only on a substantive due process theory.

In the wake of *Albright,* the Sixth Circuit recognized that the right to be free from malicious prosecution was a right that was clearly established under the Fourth Amendment. *Spurlock v. Satterfield,* 167 F.3d 995, 1006 (6th Cir.1999) (citing *Smith v. Williams,* No. 94–6306, 1996 WL 99329, 78 F.3d 585 (6th Cir. Mar.6, 1996)). The *Spurlock* court concluded that, in light of *Albright's* holding that substantive due process did not support the right to be free from malicious prosecution, that right must be asserted under the Fourth Amendment. *Id.* at 1006 n. 19 (citing *Albright,* 510 U.S. at 281, 114 S.Ct. 807 (Ginsburg, J., concurring)).

Not long after *Spurlock,* however, the Sixth Circuit appeared to reject the conclusion set out in footnote 19 of *Spurlock.* In *Frantz v. Village of Bradford,* 245 F.3d 869 (6th Cir.2001), a panel of the Sixth Circuit held that, under *Albright,* no constitutional claim for malicious prosecution exists separate and apart from a Fourth Amendment claim of unreasonable seizure. *Id.* at 875–76. In particular, the *Frantz* court stated:

Clearly an arrest without probable cause violates the Fourth Amendment, and if a prosecution follows from such an arrest, then it may constitute damages recoverable under the Fourth Amendment. But the Fourth Amendment does not support a separate malicious prosecution claim independent of the underlying seizure. . . . Although an unreasonable seizure clearly is the basis for a direct Fourth Amendment claim, we believe *Albright* preludes using it as the basis of a separate malicious prosecution claim.

*Frantz,* 245 F.3d at 876.

The majority in *Frantz* rejected the dissent's reliance on *Spurlock,* asserting that the *Spurlock* court had misinterpreted the holding of *Albright.* The majority declared that "the *Spurlock* court failed to acknowledge *Albright's* ultimate holding dismissing Albright's separate malicious prosecution claim because his Fourth Amendment claims were not before the court." *Id.* at 876. In light of its conclusion that *Spurlock* misinterpreted *Albright,* the *Frantz* court indicated that it could not be bound by *Spurlock's* conclusion that a malicious prosecution claim exists under the Fourth Amendment.

Just over two months after the Sixth Circuit issued its opinion in *Frantz*, however, a different panel of the Sixth Circuit cast doubt on that ruling. *Darrah v. City of Oak Park*, 255 F.3d 301 (6th Cir.2001). The *Darrah* court discussed the analysis set forth in *Frantz* with skepticism, noting that:

> The *Frantz* court did not interpret the [*Albright*] plurality's decision as expressing a desire to address only the narrow issue presented, however. Instead, the *Frantz* court, from our reading, believed that the Court's refusal to address the Fourth Amendment issue stood for the proposition that, because there was no underlying Fourth Amendment claim of illegal seizure upon which Albright's claim was based ..., the Court could not address any "separate" claim of malicious prosecution under the Fourth Amendment.

*Id.* at 309 (citing *Frantz*, 245 F.3d at 875). The *Darrah* court went on to state, however, that:

> Whether this was a proper reading of *Albright* is not our place to say, for "[a] panel of this Court cannot overrrule the decision of another panel. The prior decision remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or this Court sitting en banc overrules the prior decision."

*Id.* (quoting *Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 689 (6th Cir.1985)). The *Darrah* court recognized, however, that *Spurlock* had interpreted *Albright* to establish a Fourth Amendment claim for malicious prosecution. *Id.* at 310

(citing *Spurlock*, 167 F.3d at 1006). The *Darrah* court criticized the *Frantz* court for having "clouded the already murky waters of *Albright* and a plaintiff's right to bring a malicious prosecution claim under the Fourth Amendment," but went on to analyze the appellant's malicious prosecution claim under both *Spurlock* and *Frantz*. *Id.* at 310.[1]

Subsequent to the Sixth Circuit's issuance of *Spurlock* and *Frantz*, this Court—relying on *Frantz*—held that, when a plaintiff has a Fourth Amendment claim for unreasonable seizure, she cannot separately assert a claim of malicious prosecution under the Fourth Amendment based on the same conduct that gave rise to the unreasonable seizure claim. *Harless v. City of Columbus*, 183 F.Supp.2d 1024, 1030 (S.D.Ohio 2002) (Marbley, J.); *Hogan v. Rent-A-Center, Inc.*, 2002 WL 31465376, at *8 n. 9 (S.D.Ohio Apr.23, 2002) (Rice, C.J.) (citing *Frantz*). Since those rulings were issued, however, the Sixth Circuit has conclusively stated that *Spurlock* is still good law, despite the *Frantz* court's ostensible rejection of that opinion.

In *Johnson v. Ward*, 2002 WL 1774215, 43 Fed. Appx. 779 (6th Cir. July 31, 2002), the Sixth Circuit made explicit what it had implied about *Frantz* in *Darrah*. In *Johnson*, the court cited *Darrah* as having recognized the conflict between *Frantz* and *Spurlock*. *Id.* at *2 n. 3, 782 n. 3. The court also indicated that " 'when a later decision of this court conflicts with one of our prior published decisions, we are still bound by the holding of the earlier case.' " *Id.* (quoting *Darrah*, 255 F.3d at 310 (in-

---

1. Soon after *Darrah*, the Sixth Circuit issued an unpublished opinion that simply added to this confusing state of the law by indicating that *Frantz* and *Darrah* both held that no independent malicious prosecution claim exists under § 1983. In *Davis v. Finnegan*, 2001 WL 1429241, 26 Fed. Appx. 408 (6th Cir. Nov.9, 2001), citing both *Frantz* and *Darrah*, the Sixth Circuit stated that it was "unlikely that the plaintiff could establish a cognizable § 1983 malicious prosecution claim under any circumstances." *Id.* at *1, 26 Fed. Appx. at 409.

ternal citations omitted)). The *Johnson* court then took one step beyond the discussion in *Darrah* to hold: "Thus, bound by the holding in *Spurlock,* we interpret *Albright* as authorizing a Fourth Amendment malicious prosecution claim." *Id.* Although the *Johnson* opinion is unpublished, its pronouncement is clear. It elucidates conflicting precedent, and clarifies that this Court is to be bound by the *Spurlock* court's recognition of a § 1983 malicious prosecution claim that may be asserted under the Fourth Amendment.

In light of the Sixth Circuit's recent pronouncement in *Johnson,* this Court embraces the holding on *Spurlock,* and finds that a plaintiff may, in fact, assert a Fourth Amendment malicious prosecution claim separate and apart from a Fourth Amendment claim for unreasonable seizure. Therefore, the Court **DENIES** the Defendants' Motion to Dismiss the Plaintiff's malicious prosecution claim brought pursuant to 42 U.S.C. § 1983.

## V.  CONCLUSION

Based on the foregoing analysis, the Court **DENIES** the Defendants' Motion to Dismiss the Plaintiff's 42 U.S.C. § 1983 claim for malicious prosecution, and **DENIES** Defendant Sagraves' Motion for Partial Summary Judgment as moot.

**IT IS SO ORDERED.**