**In re: Ulysses S. DAVIS, III, Plaintiff–Appellant.**

**No. 01–6496.**

United States Court of Appeals, Sixth Circuit.

Jan. 28, 2003.

Before NELSON and CLAY, Circuit Judges; and HAYNES, District Judge.*

---

* The Honorable William J. Haynes, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

## ORDER

Ulysses S. Davis, III, a Kentucky prisoner proceeding pro se, appeals a district court order dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983 and Kentucky state law. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On August 2, 2001, Davis filed a complaint against the following Lexington, Kentucky, public officials: Mayor Pam Miller, Assistant Mayor Isabel Yates, Police Chief Larry Walsh, Commissioner of Public Safety Timothy E. Bennett. Citizens Advocate John Wiggington. Commissioner of Law Marry Ann Delaney, Coroner Dennis B. Pen, Social Services Commissioner Barbara Curry, Child Support Manager J. Michael Noyes, and Child Support Executive Director Jennifer Dean: Commonwealth Attorney Ray Larson, Judge James E. Keller; Judge Julia Tackett; Justice Cabinet Secretary Robert F. Stephens; Governor Paul E. Patton; Lieutenant Governor Stephen L. Henry; the unidentified Director of the Families and Children Cabinet; the unidentified Director of the University of Kentucky Hospital Trauma Unit; the following Kentucky Department of Corrections officials: Commissioner Doug Sapp, Commissioner Tom D. Campbell, Kentucky Parole Board Chairpersons John C. Runda, Helen H. Hughes, and John Coy, and unidentified parole board members; Patricia Lynn Jackson/Fisher; Kevin Burnette; Edward L. Outlaw; Gilberto Campos; Lisa Campos; and Angela Faulkner.

Davis alleged that his seventeen-year-old son, Jonah M. Davis, was shot and killed on August 14, 2000, in Lexington, Kentucky. Davis alleged that Outlaw shot Jonah and that Gilberto Campos, Lisa Campos, and Faulkner were accomplices to the murder. Relying upon the First, Second, Fourth, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendments, Davis contended that all of the defendants are responsible for and "either directly or indirectly" caused Jonah's death. Davis contended that the public officials defendants failed to address and correct numerous social problems and conditions that existed in the neighborhood where Jonah resided and, as a result of their incompetence and "gross negligence," Jonah became a victim of murder. Davis alleged that the department of corrections and parole board defendants are responsible for Jonah's death because they prevented him from protecting Jonah when they denied him parole in 1990 and 1995. Davis sought declaratory, injunctive, and monetary relief.

The district court dismissed Davis's complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A. Davis has filed a timely appeal. His appellate brief includes a motion "to dispense with copy requirement in civil rule 76.20(6)" and a motion for appointment of counsel. Davis also filed a separate motion "TO SUPPLEMENT PENDING ACTION ... due to final action taken by KENTUCKY SUPREME COURT."

We review de novo a district court's judgment dismissing a suit for failure to state a claim upon which relief may be granted under § 1915A(b). *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir.2000). "Dismissal of a complaint for the failure to state a claim on which relief may be granted is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Id.*

A complaint must contain " 'either direct or inferential allegations respecting all the

material elements to sustain a recovery under *some* viable legal theory." ' *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir.1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir.1984)). The court is not required to accept non-specific factual allegations and inferences or unwarranted legal conclusions. See *Dellis v. Corrs. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001); *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir.1996); *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir.1987); *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir.1986); *Davis v. Finnegan*, 26 Fed. Appx. 408, 409 (6th Cir. Nov.9, 2001) (unpublished). Furthermore, a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights. *Hall v. United States*, 704 F.2d 246, 251 (6th Cir.1983).

Upon review, we conclude that Davis's complaint failed to state a claim upon which relief may be granted and was properly dismissed by the district court. Davis's complaint contained no factual allegations or legal theories upon which a valid federal claim may rest. Davis's complaint was vague, conclusory, and contained no specific facts in support of his conclusory allegations that the defendants violated his constitutional and statutory rights. Moreover, Davis failed to allege particular conduct on the part of any individual defendant that specifically caused a violation of his federal constitutional rights or that proximately caused Jonah's death. Thus, even under the most liberal construction. Davis's complaint did not state a claim for relief.

Accordingly, the motions to dispense with copy requirement, for appointment of counsel, and to supplement pending action are denied and the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.