Before BOGGS and NORRIS, Circuit Judges; and BELL, Chief District Judge.*

**Ronald HILL, Plaintiff–Appellant,**

v.

**U.S. SUPREME COURT,**
**Defendant–Appellee.**

No. 02–3696.

United States Court of Appeals, Sixth Circuit.

Feb. 7, 2003.

*ORDER*

Ronald Hill, proceeding pro se, appeals a district court judgment dismissing his civil rights complaint pursuant to the provisions of 28 U.S.C. § 1915(e). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On April 10, 2002, Hill filed a complaint against the United States Supreme Court

* The Honorable Robert Holmes Bell, United States Chief District Judge for the Western District of Michigan, sitting by designation.

("Court") and a motion to proceed in forma pauperis. Hill alleged that on September 7, 2001, he submitted a petition for a writ of certiorari and a motion to proceed in forma pauperis to the Clerk of the Court. The Court denied Hill's petition on November 26, 2001. Hill alleged that he subsequently filed a petition for rehearing and motion to proceed in forma pauperis. On February 19, 2002, the Court denied the petition for rehearing. As a result of the Court's rulings, Hill alleged that "the U.S. Supreme Court deprived [him] of the right to a Court appointed attorney without due process on [*sic*] law." Hill sought injunctive relief only. Hill subsequently filed five amended complaints in order to correct certain dates and clarify certain facts and statements contained in the original complaint.

The district court granted Hill's motion to proceed in forma pauperis and dismissed his complaint for failure to state a claim upon which relief may be granted pursuant to § 1915(e). The district court also enjoined Hill from filing any future documents without leave of court. Hill has filed a timely appeal.

We review de novo a district court's judgment dismissing a suit for failure to state a claim upon which relief may be granted under § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir.2000). "Dismissal of a complaint for the failure to state a claim on which relief may be granted is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Id.*

A complaint must contain " 'either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory.' " *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir.1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir.1984)). The court is not required to accept non-specific factual allegations and inferences or unwarranted legal conclusions. *See Dellis v. Corrs. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001); *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir.1996); *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir.1987); *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir.1986); *Davis v. Finnegan*, 26 Fed. Appx. 408, 409, 2001 WL 1429241 (6th Cir. Nov. 9, 2001) (unpublished).

Upon review, we conclude that Hill's complaint failed to state a claim upon which relief may be granted and was properly dismissed by the district court. Hill's complaint contained no factual allegations or legal theories upon which a valid federal claim may rest. Hill's complaint was vague, conclusory, and contained no specific facts in support of his conclusory allegations that the United States Supreme Court violated his constitutional rights. Thus, even under the most liberal construction, Hill's complaint did not state a claim for relief.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.